## N. Y. SUPERIOR COURT.

An Association for the Relief of Respectable Aged Indigent Females, &c., agt. Alexander Eagleson and others.

*Interest — Effect of change of statute upon a contract which has matured before such change.*

Upon a contract for the payment of a sum certain on which interest at seven per cent was lawfully payable prior to January 1, 1880, by the terms of the contract, the rate agreed upon continues as part of the unimpairable obligation of the contract until judgment, notwithstanding the change in the statute and though the contract matured before such change.

*Special Term, November,* 1880.

Motion for the confirmation of the report of the referee computing amount due and for judgment of foreclosure.

*William Venvill*, attorney, and *M. A. Kursheed*, of counsel for motion.

*J. W. Hawes*, as guardian *ad litem*, for infant defendant Edward Eagleson.

FREEDMAN, *J.* — The question as to the proper rate of interest to be allowed in this case upon the principal sum due upon the bond and mortgage, is a very important and novel one.   As such it has received careful attention.

By chapter 538 of the Laws of 1879, it was provided that the rate of interest for the forbearance of any money, goods or things in action should be six per cent.   That act, by its terms, took effect on the 1st of January, 1880, but it expressly provides that nothing contained therein shall be so construed as in any way to affect any contract or obligation made before the passage of the act.

The bond and mortgage in question were made in 1870 to secure the payment of the sum of $8,000 at the expiration of three years from the date thereof, together with interest thereon at the rate of seven per cent per annum, the then existing legal rate, to be computed from the date thereof and payable semi-annually thereafter.

As the act of 1879 was to have only a prospective operation, and especially under the saving clause contained therein, the rate of seven per cent was continued in force at least up to January 1, 1880.   Whether it can be continued in this case until the entry of judgment depends upon the question whether the payment of interest after default made constitutes part of the unimpairable obligation of the contract, or of the remedy provided by law for its enforcement.   The precise question does not seem to have been determined in this state.   In *Lee* agt. *Davis* (1 *A. K. Marshall* [*Ky.*], 397) it was held that the rate of interest to be allowed on a promissory note relates to the right and not to the remedy, and is governed by the law as it stood at the date of the note.

In *Bates* agt. *Wernwag* (4 *Blackf.* [*Ind.*], 272) the plaintiff, notwithstanding the change by statute, was held entitled to interest up to the time of the recovery at the rate mentioned in the note.

*Myrick* agt. *Battle* (5 *Florida*, 345) was an action upon a note dated March 14, 1844, payable one day after date. At the date of the note the statute provided that where no rate of interest was expressed in the contract, no higher rate than eight per cent should be charged. On the day after the execution of the note the statute was altered by reducing the rate to six per cent. The court held : Upon both principle and authority the respondent is entitled, as of right, to recover eight per cent. All contracts for the payment of money bear interest after maturity, though silent on the subject, unless there is an express stipulation to the contrary. * * * When the contract is silent as to the interest, as in this case, the law will imply an understanding on the part of the debtor to pay the legal rate ; and this implied understanding is not only supported by mercantile usage in all commercial instruments of a negotiable nature, but because interest is considered as a legal incident to every debt, certain in amount and payable at a certain time. * * * The interest, though an incident to the debt, is impliedly a part of the contract, and the contracting parties are to be presumed to have had reference to the law as it existed at the time the contract was made, and, as a consequence, no statute altering the rate of interest can be made to affect contracts entered into before its passage, otherwise the obligation of the contract would be impaired, for the Constitution in this respect recognizes no distinction between express and implied contracts.

But in the quite recent case of *Wilson* agt. *Cobb* (31 *N. J. Eq.* [4 *Stewart*], 91), which arose under a statute similar to our own, but containing no saving clause, the chancellor of the state of New Jersey came to and enforced the conclusion that where interest is given, not by the terms of the contract but by law, by way of damages for the detention of a debt, it will

be allowed according to the legal rate for the time being; and if there have been changes it will vary from time to time during the period for which interest is allowed according to the changes. At the same time the learned chancellor conceded in his opinion that a contract for the payment of money on which interest at the rate of seven per cent per annum was lawfully payable by its terms would still bear interest at that rate until the money be paid, or until judgment or decree, notwithstanding the change in the lawful rate to six per cent, and even though the contract matured before the change took effect. A judgment or decree entered upon it since that change would, however, bear interest only at the legal rate of six per cent.

To the report of the case last referred to the reporter appended a valuable collection of cases which, though highly interesting, it is not necessary to consider here.

From the examination already made it sufficiently appears that, whatever the true rule may be in cases in which the contract is wholly silent as to interest, in the case of a contract for the payment of a sum certain, on which interest at the rate of seven per cent was lawfully payable prior to January 1, 1880, by the terms of the contract, the rate agreed upon continues as part of the unimpairable obligation of the contract until judgment, notwithstanding the change in the statute, and though the contract matured before such change. For similar reasons it was held in *Andrews* agt. *Keeler* (19 *Hun*, 87) that where a promissory note upon its face provides for less than the legal rate of interest, the interest, even after default in the payment thereof, continues at the rate prescribed by the contract until merger into judgment.

The referee was, therefore, right in computing interest at the rate of seven per cent to the date of his report. The report must be confirmed, and the plaintiff may have the usual judgment thereon.