JEFFERSON COUNTY, APPELLANT, VS. A. B. HAWKINS, TRUSTEE, ETC., APPELLEE.

1. The right to order separate records to be made up, and separate trials to be had, is within the discretion of the Circuit Court Judge, and separate judgments may be rendered. The appellate court will not review a discretion unless there has been an abuse of it, or hardship has been the result of it.

2. A valid bond cannot be paid by a void one. The debt is not extinguished by the void bond, and the debt created by the valid bond can be sued upon.

3. Coupons bear interest after maturity. They bear the legal rate of interest at the time of their maturity, when no rate of interest is expressed in the coupon itself.

4. A voluntary payment of money paid upon a claim of right, with full knowledge of all the facts, cannot be recovered back merely because the party at the time of payment was ignorant of or

mistook the law as to its liability. The illegality of the demand paid constitutes of itself no ground for relief, but there must be in addition some compulsion or coercion attending its assertion, which controls the conduct of the party making the payment.

Appeal from the Circuit Court for Jefferson county.

JUDGE FOSTER, of the Seventh Circuit, sat in the place of Justice Raney, who was disqualified.

In January, A. D. 1857, the Board of County Commissioners of Jefferson county subscribed for and took stock in the Pensacola and Georgia Railroad, and, in pursuance of the statute, on the first day of January, A. D. 1858, issued the bonds of the said county of the denomination of five hundred and one hundred dollars each, respectively, payable to bearer on the first day of January, A. D. 1866, with interest warrants or coupons attached to each bond, for interest at eight per cent. per annum, payable annually on the first day of January of each and every year thereafter and until maturity, and delivered the same to the railroad company in payment of said subscription. These bonds are for convenience designated as Blue Bonds.

When said bonds matured the county of Jefferson was without money to pay said bonds and to pay the interest accumulated thereon.

The county called in said bonds, and, without any power from the Legislature or authority, issued bonds in lieu of said bonds and for the interest matured, and exchanged the same with the holders of the first bonds. These last bonds are designated White Bonds, and were payable in 1870, 1871, 1872.

In the trial of the cause the Judge below ordered separate issues and records to be made up. One in regard to certain Blue Bonds still held and sued on and the other in regard to the White Bonds.

Judgment was rendered for the appellee on the Blue Bonds and the cause continued as to the White Bonds, with leave to the appellee to amend his declaration and to the appellant to amend its pleas.

Afterwards the appellee filed his amended declaration containing three counts, and the appellant then filed plea in abatement to said suit, and plea in bar to the first count, and demurrer to the second count in amended declaration.

The appellee filed a demurrer to said plea in abatement and replication to pleas in bar and joinder on demurrer, and the appellant joined in appellee's demurrer. The court below sustained the appellee's demurrer to the plea in abatement and overruled appellant's demurrer to the second count in the appellee's amended declaration, and granted appellant until the following day to file additional pleas. Additional pleas were filed to the second and third counts and issue was joined.

A jury was empanelled to try the issue, and verdict was returned and judgment entered up for the plaintiff in the court below, whereupon the defendant in the court below appealed.

*S. Pasco* for Appellant.

*W. B. Lamar, John W. Malone* and *John A. Henderson* for Appellee.

JUDGE FOSTER delivered the opinion of the court:

This cause comes up on an appeal from the Second Judicial Circuit, Jefferson county.

The action was to recover certain moneys claimed to be due on a debt owed by the county of Jefferson to the appellees, which debt was represented by certain so-called.

bonds, issued by the County Commissioners of Jefferson county, in the year 1866-7, which bonds were designated in the record as the "White Bonds."

The assignments of errors are as follows:

1. There can be but one final judgment in an action at law and when that is rendered the court has no further jurisdiction to entertain further plaints of the plaintiff, or to allow new issues to be joined, and the court erred in allowing this cause to proceed after the first final judgment for these purposes against the objections of the plaintiff in appeal, who was defendant in the court below.

2. The final judgment rendered in this action on the 1st day of December, A. D. 1884, disposed of and terminated the case and the court erred in requiring the plaintiff in appeal to plead to the merits as presented by a new declaration, filed subsequent to the said judgment.

3. All the proceedings herein subsequent to the date of the final judgment aforesaid were *coram non judice* and the court erred in entertaining the same.

4. The court erred in overruling the plea of the plaintiff in appeal to the new, further and amended declaration, filed by the defendant in appeal subsequent to the final judgment aforesaid, urged upon the ground that the said defendant had no further right to sustain his said action, which said plea was demurred to by said defendant, and the said plea should have been sustained and the demurrer thereto should have been overruled.

5. The new, further and amended declaration aforesaid was defective in its second count, for reasons set forth in the demurrer thereto and the court erred in not sustaining said demurrer.

6. The defendant in appeal having declared upon certain bonds as issued upon certain date and upon the authority of a public board of limited power of a stated date, and the

said bonds purporting upon their face to be issued upon such authority and at such date, could not support his case by proof of authority, or assumed authority, of a date later than that alleged in the declaration and subsequent to the actual date of the bonds, and the court erred in admitting evidence of such later authority and of later acts of the County Commissioners after the issue of the bonds against plaintiff's objections.

7. The White bonds were illegal and void and were not a proper basis upon which the defendant in appeal could recover, and their connection with the cause was not made apparent, and the court erred in allowing them to be read in evidence.

8. The court erred in refusing to strike from the evidence before the jury retired the entries in the book designated as the record of county bonds relating to the new, or white bonds, issued to Wm. Bailey.

9. The court erred in charging the jury, both in giving the instruction objected to by the plaintiff in appeal and in refusing those asked for by said plaintiff.

10. The court erred in refusing to set aside the verdict of the jury and grant a new trial.

11. The County Commissioners had no power in the issue of negotiable bonds beyond that given by the statute under which they acted. They had no power to issue new bonds or to enlarge the old debt, or to make a new arrangement with reference thereto. Their duty with reference to the bonded indebtedness authorized by such statute upon its maturity was to levy a tax for its payment, and all parties had notice of their powers and were bound thereby, and the court erred in sustaining exercise of other power in the premises.

12. The County Commissioners under the statute authorizing the issue of the bonds to pay for the railroad stock

mentioned in the declaration had no authority to pay interest and the bondholders had notice thereof. When they made arrangement to do this by the new issue of coupon bonds bearing interest, they exceeded their powers, and the defendant in appeal and his testator who accepted the said bonds, when they received interest upon interest, were equally in fault, and the amount of the county money unlawfully paid and received by this arrangement as interest should be credited upon the original interest and should not be upheld as a payment of interest upon interest, and the court erred in charging the jury to the contrary.

13. If the defendant in appeal were entitled to recover interest upon his demand, or any part thereof, he should receive such interest at the rate of six per cent. per annum, and the court erred in charging that interest should be included in the judgment at a higher rate.

14. The second judgment rendered works wrong and injustice to the plaintiff in appeal.

15. The second judgment rendered herein was illegal, and if a second judgment could properly have been rendered it should have been rendered for the plaintiff in appeal and not in favor of defendant.

McClellan's Digest, page 829, section 71, reads as follows : " Causes of action of whatever kind, provided they be by and against the same parties and in the same rights, may be joined in the same suit, but this shall not extend to replevin or ejectment, and when two or more of the causes of action so joined are local and arise in different counties the venue may be laid in either of such counties, but the court or judge shall have power to prevent the trial of different causes of action together, if such trial would be inexpedient, and in such case such court or judge may order separate records to be made up and separate trials to

be had." By virtue of the powers vested in him by that section the judge below ordered a separate record and trial of the issues and allowed the separate issues, designated for convenience the "blue bonds" and "white bonds," to be made up, and judgment was entered on the "blue bonds." When the issues were joined on the "white bonds" the judgment on the "blue bonds" allowed by the judge was set up as a bar to the suit on the "white bonds." The amount sued for in the "white bonds" and the moneys due were not one and the same with those of the "blue bonds" upon which judgment had been rendered. The cause of action was different. The issue was still undetermined and the court below did not err in overruling the plea. The statute leaves the consolidation of causes of action, and the making of separate records and causing separate trials, to be had within the discretion of the judge or court. Appellate Courts will not review the acts of a court below that are discretionary, unless the discretion has been abused or hardship has worked to the injury of either party. We find no abuse of discretion and certainly no hardship was wrought. While it would be always better to have but one judgment when one can be had—when separate records are made up and separate trials had, it is not error to have separate judgments.

The next error assigned is that the court erred in overruling the demurrer to the second count in the amended declaration.

It is clearly beyond cavil that the "blue bonds" were legal bonds legally issued, and a just indebtedness of the county of Jefferson. Such being the case, when the county took up the "blue bonds" with the "white bonds" they did not extinguish the debt. If the issue of the "white bonds" was illegal, as it clearly was, the debt remained due until paid. In the declaration, the "blue bonds" are

correctly declared upon, and the " white bonds " are re-
ferred to as accounting for the shape that the indebtedness
was in at the time of the bringing of the action.    It
was    the    plaintiff's    statement    of    his    cause of action,
fully putting the defendant in possession of all the facts
necessary to set forth his pleas.    If it did not set forth that
the " white bonds " were issued legally and by virtue of
authority from the Legislature, it set out that the original
indebtedness was duly authorized and created in accordance
with the statute, and set forth  that said  indebtedness was
still unpaid.    The court did not err in overruling the de-
murrer.    There was still a third  count under which the
action and the evidence  under it could  have  been main-
tained.

It is clearly settled that a county has not the power to
issue bonds unless that power is conferred upon them by
the Legislature, and then every essential requirement of the
statute must be followed.    The " blue bonds " were legal.
The " white bonds " were not and were invalid.    The
county could not wipe out its indebtedness justly created
by an illegal act.    The plaintiff had a good cause of action
against the county.    The evidence admitted by the court
tended to show the existence of that indebtedness.    It was
clearly admissible to enable the jury to determine the
rights and issues of the cause.

The only question left to be decided is the question of
interest.

It has been settled by this court that the interest of the
contract as expressed in the " blue bonds " continues until
payment of the principal at the original rate of eight per
cent.    Jefferson County vs. B. C. Lewis, 20 Fla., 981.

Although it has been intimated by this court in 13 Fla.
that coupons past due do not bear interest, we are clearly of
the opinion that the weight of authority is as it is now held

Jefferson Co. v. A. B. Hawkins, Trustee, &c.—Opinion of Court.

in the U. S. Courts, and most of the State courts, that coupons do bear interest after maturity.   What interest should have been allowed on so much of the judgment as embraced past due coupons?   Clearly when it is not expressed in the coupon itself that it bear a certain rate of interest after maturity only the legal rate of interest at the time of its maturity can be allowed.   That was six per cent., and there was error in allowing eight per cent.   This question has been fully decided in the U. S. Supreme Court in Cromwell vs. County of Sac, 96 U. S., 51.

It is urged by the appellants that all of the interest over six per cent. that they have paid should be allowed on the principal as a payment, and they given credit for the same.

It has been held that " money voluntarily paid upon claim of right, with full knowledge of all the facts, cannot be recovered back merely because the party at the time of payment was ignorant or mistook the law as to his liability."

The illegality of the demand paid constitutes of .itself no ground for relief, but there must be in addition some compulsion or coercion attending its assertion which controls the conduct of the party making the payment.   To constitute such compulsion or coercion as will render payment involuntary, there must be some actual or threatened exercise of power possessed or supposed to be possessed by the party exacting or receiving the payment over the person or property of the party making the payment, from which the latter has no other means of immediate relief than by advancing the money.   The fact that a party pays money under protest does not change the character of the transaction or enable him to recover it back, unless the payment was under duress or coercion, or when undue advantage is taken of his situation.   The object of a protest in such case is to take from the payment its volnntary

character, and thus preserve to the party a right of action to recover back the money. But where no such compulsion exists or no advantage is taken there is no case of its interposition. If the payment is in truth voluntary no language used on the occasion can change its character. Brumagim vs. Tillinghast, 18 Cal., 265. The above decision of the California court states, we think correctly, the general rule and law in reference to voluntary payments made under mistake of law.

There is no evidence of record to show anything other than that the payments were voluntary, and unless there is such the appellants cannot recover back.

We have referred to all the assignments of errors that require our notice, and it is ordered that the case be remanded to the court below with instructions to grant a new trial, unless the plaintiffs in the judgment file in the said court a remittitur for so much as covers the difference between the eight per cent. interest allowed in the judgment on the bonds given for matured coupons, and six per cent. interest which should have been allowed on said bonds.