This case is before us on writ of error from an order of the Circuit Court for Charlotte County in mandamus proceedings commanding the Board of Public Instruction of said county to assemble at the court house in Punta Gorda and audit and pay the salary of W. E. Bell as Superintendent of Public Instruction in the sum of $450.00; said amount being ascertained to be the remainder due on said salary for the scholastic year from June 30, *Page 1661 
1928, to June 30, 1929; which judgment was rendered August 16, 1930.
In his petition for writ of mandamus, which was filed July 3, 1930, the relator, W. E. Bell, alleged that he was the duly elected and qualified Superintendent of Public Instruction of said county, occupying said office and exercising all the functions thereof, under authority of a commission issued on March 19, 1929, by the Governor of the State. That the members of the Board of Public Instruction had for the past several months refused to audit and pay petitioner's account for compensation, assigning as the reason for such refusal the rendition of a judgment of ouster in a cause lately pending in the Circuit Court of Charlotte County wherein one Paul Eddy was contestant and petitioner was contestee; that said cause is now pending in Supreme Court of Florida upon writ of error to said judgment, and that by virtue of an order of supersedeas and the posting and approval of a bond in compliance with said order the said judgment has been and is now superseded, and that the refusal to audit and pay his salary is wholly without authority of law. A copy of the commission and order of supersedeas and bond referred to were attached as exhibits to the petition. The order of supersedeas referred to was dated March 7, 1930, and the supersedeas bond was approved and filed on March 8, 1930. Upon the filing of this petition an alternative writ of mandamus was issued in accordance with the prayer of the petition.
The relator was later permitted by the court to amend the petition and the alternative writ by inserting in lieu of the fourth paragraph allegations to the effect that the salary of the Superintendent of Public Instruction of Charlotte County was fixed by law at no less than $3,000.00 per annum and that the Board had fixed their budget for the scholastic year on June 30, 1928, to June 30, 1929, providing *Page 1662 
such salary in the sum of $3,000.00 per annum, which budget was delivered to the Board of County Commissioners of the county and duly approved by them; that the Tax Assessor of the county had made sufficient levy for said budget and a sufficient sum had been apportioned to pay the salary of the County Superintendent; that said Board lacked $450.00 of paying the same for said scholastic year and had refused and still refuse to pay the same; that petitioner had performed all his duties under the law and was entitled to such payment; setting forth a statement of the amounts which had been paid by the Board, showing a balance due of $450.00 which had accrued after the month of January, 1929.
The respondents filed an answer in which they alleged that the relator had held the position of Superintendent of Public Instruction of Charlotte County for the past several years, and set up an agreement on the part of the relator with the said Board to accept $200.00 per month in payment of his salary on and after April 1, 1929. This was demurred to by the relator on the ground that no consideration was shown for the alleged agreement and that the compensation of the relator was fixed by law and not by contract. This demurrer was sustained.
Later on August 14, 1930, the respondents filed an amended answer, in which they alleged that the relator was claiming salary for the month of January, 1929, $250.00, and a balance of $50.00 per month on salary for the months of February, March, April and May; that during the early part of 1929, Paul Eddy was acting as Superintendent of Public Instruction of Charlotte County and also likewise the relator; that for the month of January, 1929, Paul Eddy was paid a salary by these respondents of $250.00 and that for the months of February, March, April and May the salary was in dispute as the said Paul Eddy was claiming *Page 1663 
the salary and relator was claiming the salary; that toward the last of this period the relator, W. E. Bell, received his commission as Superintendent of Public Instruction and these respondents recognized him as such; that on May 8, 1928, relator agreed with the Board to accept $800.00 in full of all claims or demands and that they had paid that amount in several payments from May 9th to June 3rd, and that relator claimed the sum of $450.00 for the months of January, February, March, April and May, 1929, for which the Board denied any liability. This answer was signed by two members of the Board and sworn to by one member.
The relator moved to strike the said amended answer on the grounds that it was frivolous, not sworn to by all the respondents, presented no defense to the alternative writ and was not allowable by law. The relator also filed a demurrer upon the same grounds. No ruling on either the motion or demurrer is shown by the record.
On August 16, 1930, the court made an order granting the peremptory writ prayed for, to which order writ of error was sued out on August 26, 1930.
The respondents afterwards, on October 8, 1930, according to the transcript, filed a motion asking the court to allow them to amend their amended answer by adding a paragraph alleging that Paul Eddy had been adjudicated by said circuit court to be the duly elected Superintendent of Public Instruction of Charlotte County for the term beginning January 1, 1929; that the court had issued an order ousting the relator W. E. Bell from said office; that said judgment had been taken to the Supreme Court on writ of error and the relator had not filed such a supersedeas bond as was sufficient to take care of and indemnify the said Paul Eddy against any payment of salary and thereby protecting the respondents from any such illegal payment. That the said Paul Eddy was Superintendent of Public *Page 1664 
Instruction for Charlotte County actually performing the offices of such office for the month of January, 1929, and was paid for said month the salary of $250.00, which is now claimed by the relator without right; that the respondents had no right or authority to pay the sum claimed by the relator because they were put on notice by the judgment of ouster that he was not the Superintendent of Public Instruction for Charlotte County and was only holding the office by virtue of a supersedeas order, and that if they paid the amount claimed by Bell, Eddy could recover the same sum from the respondents in case the judgment of ouster was affirmed by the Supreme Court. The motion to file the foregoing amended answer was, as shown by the record, made on October 8, 1930, subsequent to the granting of the peremptory writ, but the transcript shows that such motion was denied by the court on August 16, 1930, on which date the peremptory writ of mandamus was ordered and issued by the court. All of the foregoing rulings of the court are assigned as error.
It might be added here that the judgment of ouster, above referred to, has recently been affirmed by this Court. The record in that case shows that the petition initiating the election contest was filed by Paul Eddy against W. E. Bell on March 30, 1929, and that on February 24, 1930, the Circuit Judge rendered a judgment holding that Paul Eddy had received a majority of the votes cast in the general election of November 6, 1928, in Charlotte County for the office of Superintendent of Public Instruction and on March 6, 1930, the Circuit Judge amended his former judgment by inserting a paragraph to the effect that, it being made to appear to the court that the contestee, W. E. Bell, held a commission for said office and was then occupying and enjoying the same, it was ordered that the said W. E. Bell be ousted from such office. Writ of error was promptly *Page 1665 
sued out to the judgment as amended and an order allowing supersedeas in the sum of $100.00 was granted and supersedeas bond taken and approved.