STATE, ex rel. PAUL M. HENDERSON, v. JAMES M. FOLEY, as Chairman, and CLIFF CRUM, P. J. LANGFORD, SHERLEY W. GUTHRIE, and J. L. ROBINSON, as members of the Board of County Commissioners of Polk County, et al.

160 So. 522.
Division A.
Opinion Filed March 25, 1935.
Rehearing Denied April 10, 1935.

886

*Huffaker & Edwards,* for Relator;

*M. D. Wilson, S. L. Holland, E. M. Knight* and *Perry E. Murray,* for Respondents.

DAVIS, J.—House Bill No. 1192, which was introduced at the 1933 session of the Legislature, has been published in the official report of the 1933 session laws as Chapter 15974, Acts of 1933, Laws of Florida. One of the provisions of the bill was to fix and provide an annual salary for the Tax Collector of Polk County in the sum of $4,-200.00, in lieu of all other compensation, Polk County being the only county in the State having a population of not less than 70,000 and not more than 140,000, according to the last State or Federal census. If valid as an Act of the Legislature, said House Bill 1192 (Chapter 15974) has the effect of abrogating in Polk County the provisions of Chapter 11954, Acts of 1927, Laws of Florida, as amended by Chapter 14502, Acts of 1933, Laws of Florida. Sections 2877 (1), 2877 (2), 2877 (3), 1934 Cum. Supplement C. G. L. of Fla.

By appropriate pleadings in a mandamus proceeding brought against the Polk County Board of County Commissioners, the Clerk of the Circuit Court as an *ex officio* County Auditor and the members of the Polk County Budget Commission,* the relator, Paul M. Henderson, as Tax

---

*Created by Chapter 15934, Acts 1933, Laws of Florida.

Collector of Polk County, has brought in question the validity and applicability of said House Bill 1192, *supra,* as an effective statute of the State of Florida enforceable in Polk County in derogation of the general statutes of the State fixing the compensation of Tax Collectors and providing for reports and accountings of income and disbursements to be rendered by same to the County Commissioners at stated periods. See Chapter 11954, Acts 1927, as amended by Chapter 14502, Acts 1929.

It is established by relator, and is not attempted to be controverted by respondents, that what purports to be Chapter 15974, Acts of 1933, never became a law of the State of Florida by reason of the Legislature's non-compliance with Section 17 of Article III of the Florida Constitution requiring the *yea* and *nay* vote on the final passage of House Bill No. 1192 to be taken and recorded on the journals of the respective Houses of the Legislature, in consequence of which fact the due enactment of said House Bill No. 1192 as Chapter 15974 never became an accomplished legislative Act. It thus appears that the provisions of Chapter 15974, Acts of 1933, are null and void because never enacted into law in the manner required by the State Constitution, if indeed, it was permissible at all for the Legislature by a special Act of the character of said Chapter 15974, Acts of 1933, to single out officers of a single county for the purposes of legislating in the manner attempted by said purported enactment, a subject upon which we express no opinion at the present time in view of our finding that House Bill No. 1192 never properly and constitutionally passed the Legislature.

The defenses of waiver, *laches* and estoppel by the respondents cannot avail them as a legal justification for refusing to acknowledge and follow the applicable provisions

of Chapter 11954, Acts of 1927, as amended by Chapter 14502, Acts of 1929, under which relator has sought relief in the present litigation. The matter now presented relates to an attempted proceeding by the relator in accordance with the general laws of the State last referred to, and both relator and respondents are bound by said laws and in duty bound to yield the same obedience in their official dealings and relationships with each other.

This is not to hold that relator would be entitled to recover back from Polk County any moneys heretofore voluntarily renounced and finally paid in to the county by reason of the supposed effect of Chapter 15974, *supra,* in the mistaken belief on relator's part that said Chapter 15974 was at the time a valid law of the State and required such payments to be made. Indeed, no such claim is here asserted. And if it were, the law on the subject of recovering back moneys so voluntarily relinquished and paid in under a mistake of law has been decided adversely to the existence of any such asserted right. McLeod v. Santa Rosa County, 116 Fla. 838, 157 Sou. Rep. 37; Jefferson County v. Hawkins, 23 Fla. 223, 2 Sou. Rep. 362.

Neither estoppel, waiver nor *laches* as to relator's past transactions, conceding *arguendo* that there is a showing of either on the part of relator under the circumstances of this case as it is here presented by the pleadings, could operate to give the effect of a permanently enforceable statute to a legislative bill merely introduced into the Legislature as a proposed law, but that has never constitutionally passed the Legislature in accordance with Section 17 of Article III of the State Constitution.

Such estoppel, waiver or *laches* as is here pleaded by respondents could only bar at most, a recovery of moneys heretofore finally and permanently accounted for and al-

ready paid in to the county without protest during the past accounting periods. It can never be effective for the purpose of setting up *in futuro* an irrevocable and ambulatory rule of legal conduct binding on the officer as to his unsettled current or future accounts in contravention of a standing and permanent general statute of the State, the admitted existence of which is plainly inconsistent with the idea that there is to be observed or enforced any conflicting local rule on the subject. An officer cannot by *laches,* waiver or estoppel become permanently bound to follow in his current and future management of his official responsibilities a course of past official conduct that has no sanction of law, and that would be in plain contravention of an admittedly applicable and inconsistent general law on the precise subject to which the alleged *laches,* waiver or estoppel is sought to be applied.

It follows that the return of the respondents to the alternative writ must be adjudged insufficient to bar or preclude the relief sought, and that a peremptory writ of mandamus should be awarded as prayed.

Peremptory writ of mandamus awarded.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.