J L. PAXON, C. H. CRANDON, CECIL A. TURNER, W. CECIL WATSON and H. L. COOK, as and constituting the Board of County Commissioners, Dade County, and E. B. LEATHERMAN, Clerk, Circuit Court,, Dade County, and as Clerk of the Board of County Commissioners, Dade County, and as Recorder and *Ex Officio* Auditor of Dade County, v. STATE, *ex rel.* Charlie Dillion, as Constable, Second Justice of the Peace District, Dade County.

165 So. 661.

Division B.

Opinion Filed February 6, 1936.

*Hudson & Cason* and *G. M. McNutt,* for Plaintiffs in Error;

*Ross Williams,* for Defendant in Error.

ELLIS, P. J.—In June, 1935, a peremptory writ of mandamus was issued directed to J. L. Paxson and others as County Commissioners of Dade County and E B. Leatherman as Clerk of the Court for that county upon an action brought by Charlie Dillon, as Constable of the Second Justice of the Peace District of the county, requiring them to issue a warrant payable to Dillon in the sum of $912.51 for his services as constable in certain criminal cases.

The respondents took a writ of error from this Court to the judgment.

The single assignment of error is that the trial court erred in its judgment granting the peremptory writ.

Charlie Dillon is a Constable for the Second Justice of the Peace District for Dade County and on the 14th day of May, 1935, presented to the County Commissioners a certain statement for services which had been performed by him in that capacity. The statement of the account was audited and approved by the County Commissioners but they refused to issue a warrant for the amount to Dillon because they said that funds were not available under the county budget of Dade County for the fiscal year 1934-1935 to pay the bill.

The alternative writ which was issued upon the petition of Dillon alleged that there was in the Fine and Forfeiture Fund of Dade County the sum of approximately $125,000.00, which the relator alleged should be disbursed according to law and which the law contemplates should be used for the payment of such bills as those presented by Dillon.

The respondents answered that there was an unexpended balance in the Fine and Forfeiture Fund of approximately $107,569.89 in excess of the budget requirements for the

fiscal year 1934-1935 as of the date of the answer, but they say that only such part of that fund as is set up in the county budget for the fiscal year named as remains under the item "Constables" is available for the purpose of paying the bill, and that the balance to the credit of the item "Constables," as shown by the budget, has been reduced to the sum of $304.08, and that there have not been sufficient funds to the credit of that item in the Fine and Forfeiture Fund since the date of the approval of the relator's bill.

The respondents contend that under the provisions of the budget law, Chapter 15934, Laws of Florida, 1933, which is applicable to Dade County, they are prohibited from paying the bill. The answer incorporated a demurrer to the alternative writ A motion for a peremptory writ was granted notwithstanding the answer.

Counsel for the relator Dillon states in his brief that as a constable is required by the Constitution to be elected in each Justice District and is required to perform such duties as may be prescribed by law, Section 23, Article V, Constitution, and that the Legislature is required by law to provide for the care and custody of all county funds and shall provide the method of reporting and paying out all such funds, Section 6, Art. VIII, Constitution, and that the legal costs and expenses including fees of officers shall be paid by counties where the crime is committed under such regulation as shall be prescribed by law, and all fines and forfeitures collected under the penal laws of the State shall be paid into the county treasuries of the respective counties as a general county fund to be applied to the legal costs and expenses in criminal cases prosecuted in the name of the State when the defendant is insolvent or discharged, Section 9, Article XVI, Constitution, it therefore follows that Chapter 15934, *supra,* is unconstitutional and void, because

it is not within the power of the Legislature by Statute to create a county agency with power to limit the appropriation for the prosecution of persons charged with crime when there are funds available in the Fine and Forfeiture Fund to meet the expense.

In the case of Sparkman v. County Budget Commission, 103 Fla. 242, 137 South. Rep. 809, the Court had under consideration Chapter 14678, Laws of Florida 1931, an Act in all essential respects similar to the Act now under consideration, Chapter 15934, *supra,* and held the same to be valid under an attack that the statute authorized the budget commission to determine reasonable expenditures by county officers for employeee's salaries and expenses of offices. The court said in substance that an administrative tribunal is authorized to determine what is a reasonable amount to be paid for office assistants and expenses; that the determination, however, shall be upon due consideration of appropriate data relating to the reasonable requirements for the help and other expenses in the particular office and such determination of reasonableness is subject to judicial review in appropriate proceedings.

Mr. Justice BUFORD dissented in that case, making the point that in his judgment the Legislature by the terms of the Act delegated to an administrative agency the power to at least indirectly so curtail or limit the expenses which may be incurred by constitutional county officers in the discharge of their official duties as to render it impossible for them to efficiently discharge such duties. The Court therefore had for consideration by it the substance of the objection to the Act now under consideration as made by the relator.

The Advisory Opinion to the Governor, reported in 114 Fla. 520, 154 South Rep. 154, is not analogous as in that

opinion the Justices merely expressed the view that a statute which fixes the amount of salary a constitutional or statutory officer shall receive, to which he is entitled monthly on his requisition, is itself an appropriation of the necessary funds to pay such salaries under the provision of Section 3, Article XVI, of the Constitution, directing the salary of each officer to be paid monthly upon his own requisition; that the constitutional provision and the statute fixing the salary together constitute an appropriation for the purpose stated irrespective of the amount named or specified in the general appropriation Act.

Chapter 15934, *supra,* does not undertake to vest in the budget commission the power to diminish an officer's salary as fixed by statute. The total amount of fees which some county officers, constables included, may receive are not and cannot be definitely ascertained at the beginning of the fiscal year. The yearly amount which they may receive or the amount which they may earn during any definite period is necessarily variable according to the work which during such period they may be called upon by the requirement of their office to perform. Neither is the constable entitled to receive the fees he may earn upon his own requisition.

The county budget system now so generally used and universally popular is an evolution from the heretofore casual, indefinite, uncertain method of estimating county expenses for an ensuing year and the rapid development of new social demands which increased the uncertainty or fortuitous character of the yearly estimates for community expenses. A method was adopted called the budget system by which a more careful or exact basis might be laid for the levy of taxes for county expenses.

The provisions of the Act under consideration when care-

fully observed and followed are designed to set up a prudent, businesslike action for estimating the county expenses and preparing to meet them by taxation. In order that such course should be meticulously followed the Act imposes penalties for the violation of its terms.

The relator is not deprived of his bill. He is merely delayed for a while in the collection of his bill. Nevertheless a majority of the members of the Court are of the opinion that where an office is created by the Constitution (Art. V, Section 23) such as constable, and whose fees and compensation are prescribed by statute, and funds are available in the possession of the county authorities out of which such fees and compensation may be paid, that although the County Budget Commission has, pursuant to its duties under the statute, fixed, determined and adopted a budget which by its terms provides an inadequate amount to be paid a constable during the year for fees and compensation and a sufficient sum remains in the fine and forfeiture fund to pay the fees of the constable although the amount set apart by the County Budget Commission is exhausted or inadequate to pay the approved account of the Constable for fees earned during the period for which the budget allotment was made, it becomes the duty of the Board of County Commissioners to draw its warrant upon the fine and forfeiture fund or general county fund into which the fines and forfeitures collected are required to be paid (see Sec. 9, Art. XVI) in favor of the constable for the amount of his approved fees and compensation. See State, *ex rel.* Simmons, v. Lee, 119 Fla. 745, 160 Sou. Rep. 886; State, *ex rel.* Henderson, v. Foley, 118 Fla. 885, 160 South. Rep. 522.

In the view of the writer the above cases are not strictly analogous to the case now before the Court In the case of

State, *ex rel.* Simmons, v. Lee, *supra,* there was an appropriation by the Legislature of a specific and certain sum to be paid by the county as an additional compensation to the Circuit Judge whenever the compensation of such judge as fixed by statute to be paid by the State shall be less than Six Thousand Dollars per annum. See Chap. 10027, Acts 1921, Laws of Florida.

The County Budget Commission of course has no power to legislate. It may not increase or decrease an appropriation made by the Legislature for any county purpose. So neither the County Commissioners nor the County Budget Commission had the power to alter the appropriation made by the statute, and the Comptroller had no discretion as to whether he would approve a transfer of county funds for the purpose of paying that expense. The County Commissioners had already by resolution directed the transfer of funds for the purpose of paying the appropriation and that resolution had been concurred in by the County Budget Commission.

In the case at bar these conditions do not exist There is no statutory appropriation of a definite and certain sum to be paid by the county to constables as for fees and compensation, nor have the County Commissioners transferred any funds from one account to another for that purpose, nor has the County Budget Commission done so.

Mr. Justice BUFORD and the writer of this opinion dissented from the conclusion reached by the majority in the Simmons-Lee case, *supra,* but upon another point going to the validity of Chapter 10027, Acts 1921, *supra.*

In the case of State, *ex rel.* Henderson v. Foley, *supra,* there was likewise an appropriation by statute of money to be paid by the county to Tax Collectors, not of a certain or definite sum for the fees and compensation of the Collector,

but nevertheless it was of a sum which could be ascertained by a mere mathematical calculation based upon the receipts of his office. See Chapter 11954, Laws 1927, amended by Chapter 14502, Laws 1929, Extra Session. See also 1934 Cum. Supp. C. G. L.

The question presented in the case was as to the validity of Chapter 15974, Laws of 1933, which sought to fix at a definite sum the salaries and compensation of certain county officers including Tax Collector which would amount to less per annum than the Tax Collector would receive under the provisions of the former Act, Chapter 11954 as amended by Chapter 14502, *supra.*

It was held by the court that Chap. 15974 never properly and constitutionally passed the Legislature.

The reported case does not reveal the particular duty which the Tax Collector sought to require of the Board of County Commissioners of Polk County, but by reference to the files of this Court it appears that the relator sought to require the County Commissioners to accept the Relator's accounting of fees and commissions collected under the provisions of Chatper 11954, *supra,* and require the County Budget Commission to amend its budget accordingly.

The view I have as to the law of the case is that the provisions of Art. XVI, Sec. 9, require all fines and forfeitures collected under the penal laws of the State to be paid into the county treasuries of the respective counties as a general county fund and required the payment by the respective counties where the crime is committed of the fees of officers which are included as costs and expenses of cases prosecuted in the name of the State and Section 4597 C. G. L., and the statute prescribing fees to be allowed sheriffs, operates as a legislative appropriation of such funds

so far as may be necessary for the payment of constables' fees; not a definite or certain sum annually but of a sum which is ascertainable by an investigation by the County Commissioners from time to time and an approval of the claims for fees; that the County Budget Commission cannot increase or diminish the constable's compensation so earned and approved by the Board of County Commissioners by an allocation by the Budget Commission of the fines and forfeitures collected under the penal laws of the State of a definite sum determined previously to the rendition of the services by the constable.

In fact, the Budget Commission Act, Chapter 15934, *supra,* does not purport to empower the County Budget Commission to alter by diminishing or increasing the rate or amount of fees which a constable may earn during the ensuing year for which the budget is made, nor has there been any such attempt by the County Budget Commission of Dade County. It has simply attempted to estimate the amount which would be required under the law for constable's fees and has not set aside enough money for that purpose, the effect of which will not be to deprive the constable of his hire but merely defer the payment of his bill.

The making of a budget for the next ensuing year will necessitate the inclusion of the balance due the constable and the payment thereof will be immediately made as the funds are available for that purpose. If the Budget Commission fails to do so.the Constable may have his remedy by mandamus to compel the Budget Commission to perform its duty.

So the writer and Mr. Justice BROWN think the judgment should be reversed. The majority of the Court, however, is of the opinion that the judgment should be affirmed. It is so ordered.

Affirmed.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.