J. G. CARY, R. T. GRAY, *et al.,* as Board of County Commissioners of Duval County, and J. M. SAUCER, *et al.,* as County Budget Commission of Duval County, v. STATE *ex rel.* WINIFRED M. CAUTHEN, a Widow.

190 So. 49
Opinion Filed June 23, 1939

*Martin H. Long, Julian E. Fant, J. Henry Blount* and *Judson Freeman,* for Plaintiffs in Error;

*Bedell & Bedell,* for Defendant in Error.

BUFORD, J.—The cause is before us to review a judgment awarding peremptory writ of mandamus to the defendant in error in mandamus proceedings wherein she claimed the full compensation provided by Chapter 11983, Acts of 1927, the first section of which reads as follows:

"Section 1. That the County Solicitor of the Criminal Court of Record of Duval County, Florida, be and he is hereby authorized to employ one competent stenographer to serve in his office. That such stenographer shall receive a salary of Eighteen Hundred Dollars ($1,800.00) per annum, payable monthly. That it shall be the duty of the Board of County Commissioners of said Duval County to pay such salary each month requisition approved by the County Solicitor."

The record shows that on the 1st day of July, 1927, the relator in the court below was employed by the County Solicitor of Duval County, Florida, to serve as stenographer in his office under the provisions of the statute above referred to and that from that date until the institution of this suit she served in that capacity; that the Legislature at the regular session of 1931 enacted Chapter 14678, which Act created in all counties of the State having a population of more than 150,000 (which classification embraces Duval County) a budget commission and that the Act creating the budget commission, among other things, provided in Section 9 thereof:

"The County Budget Commission may also fix and determine the amount to be paid or allowed by the county during the ensuing fiscal year by or for each and every county officer for salaries of employees and deputies and for supplies and other expenses of the conduct of his office. Every such budget so adopted by the County Budget Com-

mission for each such board shall be final and shall have the force and effect of fixed appropriations determined by the authority of law which shall not be altered, amended or exceeded in whole or in part by any such board or officer or member thereof."

The relator was paid the full salary of $150.00 per month until July, 1933, and from thenceforth until October, 1937, was paid $125.00 per month and since October, 1937, up to the time of the institution of this suit was paid $128.12 per month.

The record further shows that when the payments were reduced from $150.00 to $125.00 per month the relator protested the reduction and claimed that she was entitled to the salary fixed by statute, *supra*. That on May 20, 1938, the relator presented to the Board of County Commissioners of Duval County a bill duly approved by the County Solicitor for the balance due her for services rendered by her from July 1, 1933, to April 30, 1938, in the amount of $1,600.00 and thereafter the Board of County Commissioners included said sum of $1,600.00 in the estimate submitted by the said Board of County Commissioners to the County Budget Commission of Duval County for inclusion in the budget for the fiscal year beginning October 1, 1938, and that the Budget Commission eliminated the said sum of $1,600.00 from the annual budget being prepared by them and on July 29, 1938, certified to the Board of County Commissioners its budget for the fiscal year beginning October 1, 1938, without including in such budget so submitted the said sum of $1,600.00. That the relator had discovered that the bill for $1,600.0 so presented by her on May 20, 1938, was erroneous in the amount set forth and that the correct amount due for services rendered for the period from July 1, 1933, to April 30, 1938, was only $1,428.16 and thereafter, on August 1, 1938, she presented

to the County Commissioners an amended bill and supplemental bill approved by the County Solicitor for the balance due for services rendered in the amount of $1,493.80. The latter amount included the balance due for salary between April 30, 1938, and July 31, 1938.

On August 2, 1938, relator filed in the Circuit Court petition for mandamus seeking to coerce the County Commissioners of Duval County to cause a proper warrant to be drawn, signed and issued to the relator for the payment of the sum of $1,493.80 and to command the County Budget Commission of Duval County to make provision in the annual budget for the fiscal year beginning October 1, 1938, for the payment of said warrant.

Alternative writ was issued.

On August 9, 1938, respondents filed their motion to quash the alternative writ. On August 18th, motion to quash was overruled. On September 9th respondents filed their answer to the alternative writ and on September 10th relator filed demurrer to the answer.

On November 12th relator filed motion to amend the alternative writ and for peremptory writ and on the same date the court entered an order sustaining demurrer to the answer and amending the command of the alternative writ and ordering the issuance of peremptory writ conforming to the alternative writ as amended.

To the judgment awarding peremptory writ, writ of error was taken.

The first question presented is whether or not Chapter 11983, *supra*, was repealed or superseded by the provisions of Section 9 of Chapter 14678, Acts of 1931, hereinabove quoted. The quoted provision of Chapter 14678 does not attempt or purport to authorize the Budget Commission to fix salaries or the compensation to be paid employees and deputies of county officers, but its purpose is to authorize

the Budget Commission to fix and determine the gross amount to be paid or allowed by the county during the ensuing fiscal year by or for every county officer for the operation and conduct of his office, including salaries of employees and deputies, and for supplies and other expenses.

In Sparkman v. County Budget Commission, 103 Fla. 242, 137 So. 809, we had this same provision under consideration and held:

"The statute in this case does not authorize the Budget Commission to fix the compensation of the officer, that is done by statute. Nor does the statute authorize the Budget Commission to fix the number or qualifications of employees or the character of other expenses. The statute does not authorize a board to 'fix the number and compensation of deputies, clerks or assistants' as did Chapter 7334, Acts of 1917, in State ex rel. v. Spencer, 81 Fla. 211, 87 So. 634."

There is no contention here that Chapter 11983, *supra,* is invalid. Therefore, being considered as a valid statute it definitely fixed the compensation to be paid one who should occupy the position which has been occupied by the relator and as the Legislature had fixed the salary the legislative power to amend or repeal that statutory provision could not be delegated to an administrative board, although the Legislature had the power to authorize the administrative board to fix the amount of compensation to be paid to a clerk, employee or deputy of a county officer wherein no definite amount of such compensation was fixed by statute. See Paxon, et al., v. State ex rel. etc., 122 Fla. 476, 165 So. 661, where it was held: "The County Budget Commission, of course, has no power to legislate."

The second question presented is whether or not the relator is precluded by waiver or estoppel from asserting

her claim to the statutory salary. We think she is not. She protested the reduction of the salary.

In State *ex rel.* Henderson v. Foley, 118 Fla. 885, 160 So. 522, we held:

"The defenses of waiver, *laches* and estoppel by the respondents cannot avail them as a legal justification for refusing to acknowledge and follow the applicable provisions of Chapter 11954, Acts of 1927, as amended by Chapter 14502, Acts of 1929, under which relator has sought relief in the present litigation. The matter now presented relates to an attempted proceeding by the relator in accordance with the general laws of the State last referred to, and both relator and respondents are bound by said laws and in duty bound to yield the same obedience in their official dealings and relationships with each other.

"This is not to hold that relator would be entitled to recover back from Polk County any moneys heretofore voluntarily renounced and finally paid in to the county by reason of the supposed effect of Chapter 15974, *supra*, in the mistaken belief on relator's part that said Chapter 15974 was at the time a valid law of the State and required such payments to be made. Indeed, no such claim is here asserted. And if it were, the law on the subject of recovering back moneys so voluntarily relinquished and paid in under a mistake of law has been decided adversely to the existence of any such asserted right. MeLeod v. Santa Rosa County, 116 Fla. 838, 157 Sou. Rep. 37; Jefferson County v. Hawkins, 23 Fla. 223, 2 Sou. Rep. 362."

In Masters, *et al.,* v. State *ex rel.* Bell, 100 Fla. 1660, 131 So. 773, we said:

"As regards the agreement to accept less than the statutory salary, it is quite generally held that the acceptance of less compensation than that established by law for the office does not estop an officer from subsequently claiming

the legal compensation. 46 C. J. 1027. This point was not, however, insisted upon in argument."

See also Glavey v. United States, 182 U. S. 595, 45 L. Ed. 1247 21, Sup. Ct. 891.

The relator, having protested the reduction in salary thereby put the county on notice that she claimed the statutory salary and as the compensation was fixed by statute, it was not such a claim as falls within the purview of Section 4665, C. G. I. 1927. Neither is she barred by laches to assert her claim. See State *ex rel.* Mohy v. Lee, 121 Fla. 852, 164 So. 519. Also Advisory Opinion to the Governor, 114 Fla. 520, 154 So. 154; State *ex rel.* Henderson v. Foley, *supra.*

This case is to be differentiated from those cases where an officer or employee has acted under the provision of a statute presumed to be valid but afterward declared and adjudged to be unconstitutional and it also is to be differentiated from those cases where fee officers or other officers have voluntarily accounted for and paid over to the county all of the earnings of his office over and above the salary allowed by an unconstitutional statute.

Our conclusions reached in this case appear to be in harmony with those expressed in the case of State *ex rel.* Simmons v. Lee, 119 Fla. 745, 160 So. 886.

The judgment should be affirmed and it is so ordered.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.