PIERCE, Judge.
This is an appeal by the defendants below from a final order granting the plaintiff’s-motion for summary judgment in a suit brought to declare plaintiff’s rights to certain additional compensation to which he alleged he was entitled by virtue of his services as Judge of the County Court of Sarasota County, Florida.
The plaintiff served as Judge of the County Court for the period from April 16, *512 1957 to January 3, 1961. The defendants ■are the individual members of the Sarasota County Commission. The case involves the •determination of the statute applicable to the salary of the Judge of the said County ■Court. Defendants claim that Chap. 28402, ■General Laws of Florida, 1953, is applicable. Plaintiff claims that F.S. Sec. 34.21, F.S.A. is applicable.
The defendants raise four points for consideration: (1) is plaintiffs claim barred by any applicable statute of limitation; (2) is plaintiff estopped from asserting his •claim, or guilty of laches; (3) did the lower Court correctly hold that the salary is prescribed by F.S. Sec. 34.21, F.S.A.; and (4) is the salary personal to the County Judge?
Defendants’ first point is based on the following facts: Plaintiff filed his complaint on May 29, 1964, three years and five months after he left office as Judge of the County Court. Within a year of his leaving, he discussed the matter of accrued ■salary under F.S. Sec. 34.21, F.S.A. with Robert S. Austin, Division Supervisor, Auditing Department of the State of Florida, Sarasota Division, but failed to make a claim directly to the Board of County Commissioners. Defendants assert three statutes •as a bar to plaintiff’s action.
1. F.S. Sec. 95.08, F.S.A.:
“Every claim against any county shall be presented to the board of county commissioners within one year from the time said claim shall become due, and shall be barred if not so presented.”
2. F.S. Sec. 95.11(7)(b), F.S.A.:
“(7) Within one year.—
“(b) Suits for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime.”
3. F.S. Sec. 95.11 (5)(a), F.S.A.:
“(5) Within three years.—
“(a) An action upon a liability created by statute, other than a penalty or forfeiture.”
In Cary v. State, 138 Fla. 679, 190 So. 49 (1939), and State ex rel. Perkins v. Lee, 142 Fla. 154, 194 So. 315 (1940) the Florida Supreme Court enumerated the principles to be followed when applying the foregoing statutes to cases of this nature.
In Cary, a stenographer employed by the Duval County Solicitor protested the reduction of her salary, which was fixed by statute. In her suit, over a year later, to recover the lost compensation, the defendants — County Commissioners, pleaded Section 4665, Comp.Gen.Laws, 1927 (forerunner of F.S.Sec. 95.08, F.S.A.) as a bar to the action. In ruling in favor of the stenographer, the Court pointed out that the plaintiff had placed the county on notice when she protested the reduction within one year; however, it went on to say that “as the compensation was fixed by statute, it was not such a claim as falls within the purview of Section 4665.” When taken with the Court’s emphasis on the notice factor, the quoted phrase had an ambiguous meaning.
The ambiguity was cleared up in Lee. In that case the Supreme Court stated (referring to all statutes of limitations) :
“ * * * Such statutes of limitations do not cover a situation where salary is due a state officer or employee by virtue of a statute on the subject, in which case it is not necessary to reduce the claim to judgment before seeking to enforce it by mandamus against the proper officer * *
Appellants contend that the Lee doctrine is inapplicable since it deals with suits in mandamus, and the present suit is for declaratory judgment. We feel that the doctrine is predicated on a statute definitely fixing the salary, not on the remedy used to recover it, and we therefore hold that the Lee doctrine is applicable here.
Appellants’ second point for consideration is based on the fact that the appellee, while serving as County Judge, *513 placed his salary under Chapter 28402 into the income account of the office of the County Judge and turned hack to the County all monies in excess of the maximum compensation provided for the County Judge. Appellants cite State ex rel. Henderson v. Foley, 118 Fla. 885, 160 So. 522 (1935) which stands for the principle that once money is paid back to the county, even if under a mistake of law, it cannot be reclaimed, based on estoppel. In the present case, however, the appellee is not seeking to recover money paid back to the County. His claim is based on F.S. Sec. 34.21, F.S.A., which he contends supersedes said Chapter 28402. The fact that appel-lee has accepted less compensation under another statute does not estop him from subsequently claiming the legal compensation afforded him under F.S. Sec. 34.21, F.S.A. Masters v. State, 100 Fla. 1660, 131 So. 773 (1931), Cary v. State, 138 Fla. 679, 190 So. 49 (1939).
Appellants’ third point is the real basis of this suit. They contend that F.S. Secs. 34.20 and 34.21, F.S.A. must be considered together, and that by virtue of F.S. Sec. 34.20, F.S.A., the statute to be applied to the present case is Chapter 28402, Laws of Florida, 1953. Sec. 34.20 states:
“The salary of the judge of county court shall be eighteen hundred dollars per annum, * * *. He shall also have a docket fee of one dollar in civil cases. Provided, however, that this section shall not apply to any county court in the state wherein the judge of such county court is receiving compensation as such judge of the county court under a special act or under a general act of local application, nor to any county having a population of more than twenty-four thousand according to the latest state or federal census.”
Appellants argue that this statute makes it mandatory to apply Chapter 28402, Laws of Florida, 1953, to Sarasota County by virtue of the exception which excludes counties under special act.
This interpretation is not entirely without merit, but is an oversimplification of the statute’s provisions. The two statutes (Secs. 34.20 and 34.21) are tó be read together as contended, in order to reconcile if possible any inconsistency. Sec. 34.21 states:
“In each county where the population exceeds twenty-two thousand people, the judge of the county court shall receive an annual salary of twelve hundred dollars payable quarterly by the county treasurer. This compensation shall exclude all salary, fees, or other compensation which the said judge of the county court as such might receive or be entitled to, under or by virtue of any other laws, but it shall not exclude or affect any salary, fees, or other compensation which the county judge, as such, may receive, or be entitled to.”
As we interpret the statutes, the legislature intended to divide the salaries of the judges of the county courts into four categories based on population. First, if a county has a population of more than twenty-four thousand people, then Sec. 34.21 is applicable. Second, if a county has a population of twenty-twO thousand people or less, and no special act (or general act of local application) is applicable, then Sec. 34.20 applies. Third, if a county has more than twenty-two thousand people, but not exceeding twenty-four thousand people, and no special act (or general act of local application) is applicable, then Sec. 34.21 applies. Fourth, and finally, if a county has twenty-four thousand people or less, and there is an applicable special act (or general act of local application) then such special or general act governs.
Based on such interpretation, ap-pellee’s salary as Judge of the County Court is governed by Sec. 34.21 since Sarasota County was in the first category during appellee’s term. The 1950 Federal Census for Sarasota County showed a population of 28,827 in the County. 3 Fla.Stat. 4098 (1957). The 1960 Federal census for the *514 same county showed a population of 76,895. 3 Fla.Stat. 4668 (1961).
Appellants’ final point, whether the salary under Sec. 34.21 is or is not personal to the Judge, is based on the ambiguities in the applicable statutes. As is pointed out in 1964 Op.Atty.Gen. 064-94, F.S. Chap. 34, F.S.A. does not specifically provide that the salary of the County Judge as Judge of the County Court be in addition to the salary which such judge is to receive as County Judge. Appellants therefore assert that such salary must be placed into the income account of the office of the County Judge and paid out according to F.S. Sec. 145.061, F.S.A., which sets a maximum limit of $8,000 per annum for Sarasota County. We think this conclusion is erroneous. The ambiguity springs from the last sentence of Sec. 34.21 which states that “ * * * [t]his compensation shall exclude all salary, fees, or other compensation which the said judge of the county court as such might receive or be entitled to, under or by virtue of any other laws, but it shall not exclude or affect any salary, fees, or other compensation which the county judge, as such, may receive, or be entitled to.” It is the opinion of this Court that the legislature intended to grant the County Judge an additional salary for being also the Judge of the County Court. By using the word “exclude,” it meant that the County Judge would be precluded from receiving other compensation in his capacity as Judge of the County Court (unless affected by the exception under Sec. 34.20 as interpreted herein) but would not be precluded from receiving his additional compensation as County Judge. We therefore hold with the lower Court that F.S. Sec. 34.21, F.S.A. provides an additional personal compensation to the County Judge in his capacity as Judge of the County Court.
Affirmed.
SHANNON, Acting C. J., and LILES, J., concur.