QUESTIONS: 1. Does s. 477.20(3), F.S., contemplate that members of the State Board of Cosmetology are entitled to the additional $10 compensation for "retake" as well as "regular" examinations? 2. If the answer to question 1 is affirmative, would present board members be able to make retroactive application for the $10 additional compensation for past "retake" exams? 3. If the answer to question 2 is affirmative, for what time period could present board members be retroactively compensated? 4. Would the board be prohibited from contracting to pay the examiners more than the $30 per day as referred to in s. 477.20(3), F.S., in the event it should decide to contract to employ professional examiners to conduct the theory and/or practical cosmetology examination? 5. Would the board be entitled to the $30 per day compensation under s. 477.20(3), F.S., if it should employ professional examiners to conduct its examinations and thereby restrict its activities to the administration and supervision of the examiners and the examinations?
SUMMARY: State Board of Cosmetology members are entitled to the additional $10 per day compensation provided in s. 477.20(3), F.S., when conducting "retake" examinations of applicants. Members are not entitled to a retroactive application and compensation for past "retake" examinations. The board is authorized to employ necessary personnel and fix their compensation to conduct examinations, but they shall receive the same travel subsistence and mileage as provided in s. 112.061, F.S., as allowed other state officers and employees. Section 477.10(1), F.S., provides for the State Board of Cosmetology to conduct examinations of applicants for registration in the various designations of competence as cosmetologists. An applicant who fails to pass a satisfactory examination is required to return to cosmetology school for the purpose of passing an examination on any theory or practical subject failed. Section 477.07(2), F.S. Both the initial examination and any subsequent portions that must be retaken constitute the "examination of applicants for certificates of registration" as contemplated by s. 477.10(1). Section 477.20(3), F.S., provides that: "Each member of the board shall receive twenty dollars per day, or for any part of a day, when performing administrative duties. When examinations are held by the Board each member shall receive an additional ten dollars per day or any part of a day." Clearly, the administration of an examination, whether it be the particular applicant's or group of applicants' first examination or a subsequent examination, is still the administration of an examination by the board, and those members participating are entitled to the additional $10 per day or any part of a day provided by s. 477.20(3). Where the language of a statute is so plain and unambiguous as to fix the legislative intent and leave no room for construction, admitting of but one meaning, courts may not depart from the plain language employed by the Legislature. State ex rel. Florida Jai Alai, Inc. v. State Racing Commission, 112 So.2d 825 (Fla. 1959); James Talcott, Inc. v. Bank of Miami Beach, 143 So.2d 657 (Fla.App. 1962); Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (Fla.App. 1963). "As a general rule, the acceptance of less compensation than that established by law for the office does not preclude an officer from subsequently claiming the legal compensation. . . ." [See] 67 C.J.S. Officers s. 98; State ex rel. Perkins v. Lee,194 So. 315 (Fla. 1940); Cary v. State ex rel. Cauthen, 190 So. 49
(Fla. 1939); Masters v. State ex rel. Bell, 131 So. 773 (Fla. 1931). Section 215.37(3), F.S., deals with the finances of examining and licensing boards and provides: . . . All salaries and expenses shall be paid as budgeted after said budgets have been approved by the secretary of the department of administration or within the limitations of any appropriation for that purpose which may be included in the general appropriations act. Section215.37(6), F.S., provides that: "Each board shall operate financially within the budget approved by the secretary of the department of administration, and all disbursements shall be made by the comptroller only as provided by law for all agencies of government." From the foregoing provisions it appears that retroactive application for the unclaimed compensation in question is available for services performed by board members during the current fiscal year if funds for that purpose have been budgeted and remain unspent at the time a board member's application has been processed. Section 215.425, F.S., provides: No extra compensation shall be made to any officer, agent, employee, or contractor after the service shall have been rendered, or the contract made; nor shall any money be appropriated or paid on any claim, the subject matter of which shall not have been provided for by preexisting laws, unless such compensation or claim be allowed by bill passed by [a majority] of the members elected to each house of the legislature. It is clear that any application for retroactive compensation for services rendered by board members prior to the instant fiscal year must be by claim bill pursuant to s. 215.425, id. As to your fourth and fifth questions, s. 477.20(3), supra, expressly provides "when examinations are held by the board each member shall receive an additional ten dollars per day or any part of a day." (Emphasis supplied.) It is clearly evident that the Legislature intended to provide the additional $10 compensation to board members only, and only upon such occasions when the board is holding an examination. It is a general principle of statutory construction that the mention of one thing implies the exclusion of another. Mitchell v. Cotten,3 Fla. 154 (1850); Peeples v. State, 35 So. 223 (Fla. 1903); Bergh v. Stephens, 175 So.2d 787 (Fla.App. 1965). Where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned. Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). The court cannot extend the meaning of language used to include a class of persons that the Legislature did not refer to, even though the title of the act contains a statement that the legislation is for the protection of the general public. Fisher v. American Fire 
Casualty Co., 10 Fla. Supp. 81, cert. den., 101 So.2d 150 (Fla. 1956). Section 477.20(4), F.S., provides that "[t]he board shall have the authority to employ inspectors and to employ and fix the compensation of such regular or special counsel, clerks, and other assistants as it may deem necessary in order to carry out the provisions of this chapter, and shall receive the same travel subsistence and mileage as provided in s. 112.061." This section clearly provides the board with authority to hire the personnel it deems necessary and to fix their compensation, with travel and mileage limited to those amounts provided by s. 112.061, F.S. Nowhere therein is there either expressed or implied any authority for the board to compensate nonboard members the additional $10 per day or part of a day for examination activities. The intent of the Legislature as expressed in a statute is the essence of the law. Tyson v. Lanier, 156 So.2d 833 (Fla. 1963). In the absence of ambiguity or conflict, the plain meaning of a statute will not be disturbed. Hooper v. State Road Dept., 105 So.2d 515 (Fla.App. 1958). The courts should attribute to the words of a statute the meaning accorded to them in common usage except where a different connotation is expressed or is necessarily to be implied from the context. Van Pelt v. Hilliard, Fla. 78 So. 693 (Fla. 1918); Taylor v. State, 158 So. 437 (Fla. 1934); State ex rel. Bie v. Swope,30 So.2d 748 (Fla. 1947). It should be noted finally that the ultimate responsibility for the administration and supervision of the examination, of course, rests with the members of the board, even when professional examiners are employed to assist in the administration of such examinations. Sections 477.10 and 477.20, F.S. See AGO 074-57.