JOHN T. MYRICK, APPELLANT, vs. BENJAMIN D. BATTLE, APPELLEE.

The act of March 15, 1844, changing the rate of interest, does not affect a contract made before, but which became due and payable after it was passed. The rate of interest on every contract is to be regulated by the law as it existed at the time such contract was made.

Appeal from Jackson Circuit Court.

This was an action of assumpsit, instituted by Battle against Myrick, on a promissory note dated 14th March, 1844, and payable one day after date. On the day following, to-wit: on the 15th March, 1844, by act of the Legislature, the rate of interest was reduced from eight to six per cent. The Court below ruled that interest on the note should be calculated at the rate of eight per cent., from which the defendant appealed.

*Bush* for Appellant:

The only error alleged in this case is, that interest should have been calculated at six per cent. instead of eight. The suit was on a note dated 14th March, 1844, and due at one day after date. It contained no agreement as to the rate of interest. The last law on the subject was approved 15th

43

March, 1844. I can find no authorities directly in point, but think there is an analogy between the present and the cases which decide that the rate of interest is governed by the law of the country where the note is to be paid. Story's Conf. Laws, 241, § 291, 292 ; Scofield vs. Day, 20 J. R., 102 ; Cooper vs. Sandford, 4 Yerger, 452 ; Fanning vs. Consequa, 17 J. R., 511 ; Boyce & Henry vs. Edwards, 4 Peters, 112, 123. And this notwithstanding that well established principle of the law, " that all questions affecting " the validity of a contract, are to be governed by the law " of the land where the contract is made."

The decisions are, that interest follows of course, after the debt falls due, *as an incident to it.* Washington vs. Planter's Bank, 1 How. (Miss.,) 230 ; McConnell vs. Thomas, 2 Scam., 313, cited in Supplement 2 U. S. Digest, 209, 210, Nos. 60, 75.

Incident means to fall out, to happen, &c. Now, by what law is an event to be governed other than that in force when the event happens ? Webster defines it to be " something which happens outside of the main design." It is separate from, and forms no part of the contract. The contract is the act of the party : interest, its incident, results from the law. They may well be governed by different laws.

Another analogy. The merchants at the South give their notes to those of New York, payable at certain periods after date, *with the current rate* of exchange on New York. This exchange is calculated by the rate at the time the note falls due. Why should not interest be assessed by the same rule ?

Another analogy. At common law, judgments did not bear interest. It exists by statutory provisions. The law is changed between the date of the note and the rendition of the judgment. Which law governs ? Certainly the lat-

ter; and this because it is competent for the Legislature to change the rate at any time before it begins to run.

And again. The measure of damages for the violation of a contract for delivery of property at a certain future time, is the value of the property at the time of the breach, with interest from that time. This is a contract for the payment of money : there is no difference in principle.

It sometimes happens that between the date and maturity of a note, a change takes place in the value of the coin or currency in which it is payable, even in the same country. It will be discharged by due payment in any coin which, by law, is made of equivalent value at the time of payment. Sedgwick on Damages, 237; Story on Prom. Notes, 511, § 390.

In the cases quoted and the one now before the Court, the action of the Legislature was between the date of the note and its maturity. If legitimate in those cases, it must certainly be so in this.

As to the time when this note fell due, adding the days of grace, it became due on the 18th, or three days after the law was passed.

All notes payable at a certain time after date, are, by the law, entitled to grace. Story on Prom. Notes, 272, § 224. The prospective words in the statute apply only to conventional rules agreed on by the parties.

As to the Constitutional question, the only answer is, that interest is an *incident* to a contract, but forms no part of it; that the act left the contract entire in all its parts, untouched and unimpaired; that it only operated upon " something outside of the main design."

*Hawkins* for Appellee :

The Court below was correct in its decision

1. To rule otherwise, would impair the obligations of a contract. Constitution of State, Bill of Rights, § 19.

A contract is a compact between two or more persons, executed or executory, express or implied. No distinction as to these, and all embraced in the Bill of Rights. See 3 Story on Con., § 1371.

What is deemed impairing the obligation of contracts? See *ib.*, § 1379, p. 250.

The note in this case was made in reference to the *laws existing* at the time of its creation. See Duval, 78. Rate was eight per cent. if not expressed on the face of the note.

The law gives interest as matter of right in all cases of commercial paper, and is implied, though contract silent. Chitty on Contracts, 645, 646 ; Woodward vs. Curtis, 7 Wend., 112 ; Boddam vs. Riley, 2 B. C. C., 3.

There being a *right*, it became a *vested* right, and accrued immediately on the breach of the contract, and no after legislation can impair it. Story, § 1379. To apply the law of 1844, (*six* per cent. act,) would give it a retrospective operation, changing and affecting vested rights : *void.* 1 Kent, 456 ; 2 Pet., 656.

2. The laws regulating interest operate on the *contract,* and do not affect the remedy. Declaratory Statutes. If remedial, they cannot operate retrospectively, if they impaircontracts. 3 Story Con., § 1379.

3. The interest is an *entirety.* Anomaly to calculate under both statutes. I cite—2 U. S. Digest, 616, § 16 ; Smedes' Dig., 291, § 3 ; Lee vs. Davis, 1 A. K. Marsh., 397.

SEMMES, J. :

The only question presented by the record in this case is, the rate of interest which should be allowed on the note sued on.

The note of the Appellant is dated the 14th of March, 1844, and payable one day after date. At the date of the note, our statute provided that where no rate of interest was expressed in the contract, no higher rate than eight per cent. should be charged. Duval, 78, § 1. On the day after the execution of the note, this statute was altered, reducing the rate of interest to six per cent. per annum. Thomp. Dig., 234.

It is contended, that inasmuch as the law was amended before the maturity of the note, and, of course, before interest had commenced running, the judgment of the Court below, allowing eight per cent. interest, was erroneous. We do not think so. Upon both principle and authority, the respondent was entitled, as of right, to recover eight per cent. interest. All contracts for the payment of money bear interest after maturity, though silent on the subject, unless there is an express stipulation to the contrary. When the contract is silent as to the interest, as in this case, the law will imply an understanding, on the part of the debtor, to pay the legal rate, and this implied understanding is not only supported by mercantile usage in all commercial instruments of a negotiable nature, but because interest is considered as a legal incident to every debt, certain in amount, and payable at a certain time. The rate of interest is to be determined by the law of the place where the contract is to be executed, and when, as in the contract before us, no place is indicated, it is to be presumed where it is made. 1 Am. Lead. Cases, 519.

The interest, though an incident to the debt, is impliedly a part of the contract, and the contracting parties are to be presumed to have had reference to the law as it existed at the time the contract was made, and, as a consequence, no statute altering the rate of interest can be made to af-

fect contracts entered into before its passage, otherwise the obligation of the contract would be impaired, for the Constitution, in this respect, recognizes no distinction between express and implied contracts.

No analogy, in our opinion, exists, and therefore no argument can be drawn, from the right of the Legislature to alter the rate of interest in reference to judgments, after a contract is made. A judgment is a part of the remedy, and carries such rate of interest as is legal at its date, whatever rate was recoverable on the contract. The contract is merged in the judgment rendered, and the judgment is controlled by the statute, and not by the contract.

It has been expressly determined in the case of Lee vs. Davis, 1 A. K. Marsh., 397, that the rate of interest on a note is to be regulated by the law as it exists at the time the contract was made. We see no reason to depart from the principle decided in that case. See also Bryan vs. Moore, Miner 377.

Let the judgment be affirmed.