## CITY OF WINTER PARK v. DUNBLAINE, INC.

164 So. 366.
En Banc.
Opinion Filed November 26, 1935.

*W. E. Winderweedle* and *Jones & White,* for Plaintiff in Error;

*George B. Carter,* for Defendant in Error.

WHITFIELD, C. J.—On April 27, 1934, Dunblaine, Inc., a Florida corporation, brought an action against the City

·of Winter Park to recover the amounts due on three matured bonds and several coupons issued by the city, one each of the bonds and coupons is as follows:

"UNITED STATES OF AMERICA.

"NUMBER                                    DOLLARS.
  "7.                                        1000.

"STATE OF FLORIDA, COUNTY OF ORANGE.
"CITY OF WINTER PARK.
"Refunding Bonds, Series AB.

"KNOW ALL MEN BY THESE PRESENTS: That the City of WINTER PARK, in the County of Orange and State of ;Florida, for value received, promises to pay to the bearer hereof the sum of ONE THOUSAND DOLLARS in lawful money of the United States of America, ON THE FIRST DAY OF JANUARY, A. D. 1933, with interest on said sum from date hereof until paid at the rate of SIX PER CENTUM (6%) PER ANNUM, interest payable semi-annually on the first of July and the first of January of each year, upon presentation and surrender of the interest coupons hereto attached, as they severally become due and payable, both principal and interest being payable at NATIONAL BANK OF COMMERCE in the City of New York, State of New York; and for the prompt payment of the principal and interest hereof when due, and for the levy of taxes sufficient therefor, the full faith, credit and resources of said City of Winter Park are hereby irrevocably pledged.

"THIS BOND is one of a series issued by the City of Winter Park pursuant to the provisions of Chapter 11855, Laws of Florida, 1927, and in conformity with resolutions of the City Commission of said City duly adopted, for the purpose of refunding a like amount of indebtedness of said City, for the payment of which the credit of said City has been pledged.

"IT IS HEREBY CERTIFIED AND RECITED that all acts, conditions and things required by the Constitution and laws of the State of Florida to be done precedent to and in the issuance of this bond, and precedent to and in the issuance of the indebtedness hereby refunded, were and have been properly had, done and performed in regular and due form and time as required by law; and that the indebtedness hereby refunded was a valid, subsisting and legal obligation of said City; that adequate provision has been made for the payment of the principal and interest of this bond at maturity, and that the total indebtedness of said City, including this bond, does not now and did not at the time of incurring the indebtedness hereby refunded, including the indebtedness so refunded, exceed any Constitutional or Statutory limitations.

"IN WITNESS WHEREOF, the City of Winter Park, by its City Commission has caused this bond to be signed by its Mayor-Commissioner and attested by its City Clerk, and its corporate seal to be affixed hereto, and has further caused the interest coupons hereto attached to bear the lithographed facsimile signatures of said Mayor-Commissioner and said City Clerk, and this bond to be dated the 1st day of January, A. D. 1929.

"FREDERICK W. CADY, *Mayor-Commissioner of the City of Winter Park.*

"Attest:

"E. F. BELLOWS, *City Clerk.*

"VALIDATED AND CONFIRMED by a decree of the Circuit Court of the Seventeenth Judicial Circuit of the State of Florida, in and for Orange County, rendered on the 25th day of January, A. D. 1929.

"B. M. ROBINSON, *Clerk of the Circuit Court of the 17th Judicial Circuit of the State of Florida, in and for Orange County.*"

---

"CITY OF WINTER PARK, Florida, will pay to the bearer hereof ON THE FIRST DAY OF JANUARY the sum of THIRTY ($30.00) DOLLARS at the NATIONAL BANK OF COMMERCE, New York City, for interest due that date on the Refunding Bond of said City, dated January 1st, 1929.          $30.00.

"SERIES AB.                                    Coupon No. 8.
"BOND No. 7. PD.
"FREDERICK W. CADY, *Mayor-Commissioner.*
"E. F. BELLOWS, *City Clerk.*" ·

---

Pleas and amended pleas were eliminated on demurrer and motion to strike and leave was granted "to tender additional pleas with application for leave to file same."

The following pleas were tendered:

"1.   That the alleged bonds and coupons, and each and every of them, declared upon in said declaration, and the several counts thereof, are not the deeds of this defendant.

"2.   For an additional and special plea to said declaration, and to each and every count thereof, this defendant says that the said alleged bonds and coupons described in the several counts of said declaration were not issued for any municipal purpose, but were issued to refund certain bonds, to-wit, bonds purporting to be bonds of the City of Winter Park, Series 'C' and Series 'D' and Series 'E,' dated respectively the 1st day of January, 1926, the 1st day of July, 1926, and the 1st day of July, 1926, which bonds were issued for the sole purpose of improving wild lands and aiding private individuals and private corpora-

tions in enhancing the value of their privately owned property, and were not issued for a municipal purpose, all of which was and is in violation of Section 5, Article IX, Section 7, Article IX, and Section 10, Article IX, of the Constitution (which) are respectively as follows:

" 'Section 5. The Legislature shall authorize the several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, *and for no other purposes.*'

" 'Section 7. No tax shall be levied for the benefit of any chartered company of the State, nor for paying any interest on any bonds issued by such chartered companies, or by counties, or by corporation, for the above mentioned purpose.'

" 'Section 10. The Legislature shall not authorize any county, city, borough, township or incorporated district to become a stockholder in any company, association or corporation, or to obtain or appropriate money for *or to loan its credit to,* any corporation, association, institution, or individual.'

"WHEREFORE, this defendant says that this defendant was without constitutional power to issue said bonds for the purposes aforesaid, and that said bonds and coupons are invalid and void."

Leave was given to file the first plea and denied as to the second plea. The second plea was not incorporated in the bill of exceptions, though it appears to have been filed.

At the trial the plaintiff offered in evidence the bonds and coupons.

A witness for the plaintiff testified:

"I have calculated the interest on those three bonds that have been put in evidence, and the interest on the coupons from the maturity of the coupons; and the total interest,

plus the four coupons of $30.00 each, making $120.00; those four coupons, and the interest on the principal, and on the past-due coupons, amount to $337.80. Now, I have calculated the principal and interest, which gives a total of $3,-337.80; and the calculations are here on this page. The calculations were made up from the bank's interest calculator. That, as I say, gives a total of $3,337.80, and of that amount $217.80 is interest, and $3,000.00 is principal, and $120.00 is interest coupons."

Defendant's counsel moved to strike the testimony on the grounds:

"1. That the testimony is improper.

"2. Because it is within the province of the jury to determine the interest from the facts of the case, provided there is any authority to recover for interest.

"3. Because said bonds do not bear interest from maturity.

"4. Because the interest coupons don't bear interest from maturity.

"Q. (By the Court). You stated you calculated the interest on the interest coupons?

"A. Yes, sir. There is a Florida law on that case, may it please the Court, and I am ready to submit that.

"THE COURT: Well, that would be compound interest.

"MR. CARTER: No, may it please the Court, the courts hold it is not, because the coupons are negotiable instruments.

"THE COURT: The Court will deny the motion.

"MR. JONES: Note an exception for the defendant. * * *

"MR. JONES: Now, if Your Honor please, the defendant filed two pleas in this case, the first plea is a plea of *non est factum;* the second plea, which alleged the ultimate facts,

which the defendant claims if proved by detail testimony, would show that the bonds are invalid. The first of these pleas the Court allowed us to file; the second the Court didn't allow. The defendant offers at this time, if permitted to do so, to introduce evidence before the jury to detail facts which defendant claims will show that the bonds are invalid; makes this proffer, to make this proof, at this time.

"The Court: Well, the Court cannot recognize any right that the defendant has to offer testimony when there is no plea, and it would be improper to receive it, so that I will have to refuse your request.

"Mr. Jones: The defendant notes an exception.

"That is all.

"Mr Carter: May it please the Court, the plaintiff makes motion for directed verdict for $3,337.80 on account of the principal of the bonds, and the interest coupons, and the interest on the principal of the bonds, and interest on the coupons.

"Now, if there is no objection, I will put this detailed interest calculation before them, and they can calculate the interest if they want to.

"The Court: Well, is there any objection to this motion?

"Mr. Jones: Objected to, yes, Your Honor.

"The Court: Do you want to state the grounds?

"Mr. Jones: Oh, yes.

"1. Because the plaintiff has not fully established proof of his declaration.

"2. Because it has not been shown that the plaintiff is entitled to interest upon the principal bonds after maturity.

"3. Because plaintiff is not entitled to a verdict for interest upon the principal bonds after maturity; and

"4. Because the amount of the verdict should be left to the jury alone to determine.

"THE COURT: The Court will grant the motion, and instruct the jury to return a verdict for the plaintiff according to the evidence; and will leave to you the calculation of the interest.

"And the form of the verdict you have prepared there, Mr. Carter, if you will just submit that to them. If they want to figure it they may do so; if they want to use your figures they may do so, if they are satisfied about it.

"MR. JONES: To which ruling counsel for defendant excepts."

The following verdict and judgment were rendered:

"We, the jury, find for the plaintiff and assess its damages in the sum of $3,337.80. So say we all."

"(Signed) B. M. WHERRETTE, *Foreman.*"

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Court that judgment be and it is hereby entered in favor of the plaintiff, DUNBLAINE, INC., a Florida corporation, and against defendant, CITY OF WINTER PARK, a Florida Municipal Corporation, for the sum of $3,337.80 besides the costs incurred by the plaintiff and as taxed by the Clerk, namely, the sum of $12.40.

"IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff, DUNBLAINE, INC., a Florida Corporation, do have and recover of and from the CITY OF WINTER PARK, a Florida Municipal Corporation, the sum of $3,337.80 lawful money of the United States of America, and its costs incurred in this action, namely, the sum of $............, and let execution issue therefor."

A motion for new trial was made on the following grounds:

"1. Said verdict is not supported by the evidence.

"2. Said verdict is contrary to the evidence.

"3. Said verdict is contrary to the law.

"4. Said verdict is contrary to the law and the evidence.

"5. The Court erred in directing the jury to return a verdict for the plaintiff and against the defendant.

"6. Said verdict is excessive in amount.

"7. The Court erred in refusing to permit the defendant to introduce evidence in support of the second plea tendered by the defendant."

The motion for new trial was denied, but the order of denial was not excepted to.

On writ of error the City assigned for error:

"The Court erred" (1) "in directing the jury to return a verdict for the plaintiff and against the defendant"; (2) "in refusing to permit the defendant to produce evidence before the jury in support of the second plea tendered by the defendant"; (3) "in requiring the jury to render a verdict for the plaintiff based upon the mere introduction of purported evidences of indebtedness without any proof of plaintiff's ownership thereof"; (4) "in permitting testimony to be introduced to prove interest upon alleged interest coupons and requiring the jury to render a verdict therefor."

Brief of plaintiff in error states:

### "I. QUESTION INVOLVED.

"(a) Where In An Action At Law Upon Municipal Bonds The Defendant City Tenders a Plea Alleging That The Bonds Were Not Issued For a Municipal Purpose and Alleging The Ultimate Fact That Said Bonds Were Issued for the Sole Purpose of Improving Wild Land and Aiding Private Individuals and Private Corporations in Enhancing the Value of Their Privately Owned Property In Violation

of the Pertinent Provisions of the Constitution of Florida, Is It Error for the Court to Refuse to Allow the Defendant City to File Such Plea?

"Answered by the lower court in the negative.

"(b) Is It Error for the Court to Deny the Defendant City the Right to Introduce Any Evidence in Support of a Plea Setting Forth the Facts Stated in the Plea as Described in Question (a)?

"Answered by the lower court in the negative.

"These two questions resolve themselves into the single proposition of whether or not the defendant's plea sufficiently alleges ultimate facts as a basis for proof of the alleged constitutional infirmity of the bonds involved."

No error is assigned on the order refusing leave to file the second plea set out above. Such plea is copied in the record and the order denying leave to file it indicates that the plea in the record was the one before the court. The averments of the second plea: "That the said alleged bonds and coupons described in the several counts of said declaration were not issued for any municipal purpose, but were issued to refund certain bonds, to-wit, bonds purporting to be bonds of the City of Winter Park, Series 'C' and Series 'D' and Series 'E,' dated respectively the 1st day of January, 1926, the 1st day of July, 1926, and the 1st day of July, 1926, which bonds were issued for the sole purpose of improving wild lands and aiding private individuals and private corporations in enhancing the value of their privately owned property, and were not issued for a municipal purpose," are obviously insufficient as a defense to the action.

The bonds contain the following:

"This Bond is one of a series issued by the City of Winter Park pursuant to the provisions of Chapter 11855, Laws

of Florida, 1927, and in conformity with resolutions of the City Commission of said City duly adopted, for the purpose of refunding a like amount of indebtedness of said City, for the payment of which the credit of said City has been pledged.

"It Is Hereby Certified and Recited that all acts, conditions and things required by the Constitution and laws of the State of Florida to be done precedent to and in the issuance of this bond, and precedent to and in the issuance of the indebtedness hereby refunded, were and have been properly had, done and performed in regular and due form and time as required by law; that the indebtedness hereby refunded was a valid, subsisting and legal obligation of said City, * * *"

The quoted averments of the second plea are in the nature of conclusions without averments of facts sufficient to challenge the efficacy of the statements in the bonds as to the authority for their issue and the record proceedings for issuing the bonds.

In State v. Hillsborough County, 113 Fla. 345, 151 So. 712, where refunding county bonds were sought to ve validated, the answers of the State Attorney and taxpaying intervenors set up the records of the proceedings for the formation of the taxing districts for special assessments for street paving improvements. The county bonds had been issued predicated upon special assessments under Chapter 10140, Acts of 1925; and the records of the formation of the special assessment districts and of the making of the assessments indicated an entire absence of essential statutory prerequisites to the making of special assessments. There was also a substantial showing by averments of fact supported by record evidence that the street paving improve-

ments were for the benefit of private interests and were not a county purpose. This Court there said:

"The allegations of the respective answers are sufficient to raise a substantial question as to whether or not the original bonds were issued for a lawful public purpose, or issued primarily as a result of a plan of the County of Hillsborough to lend its credit to certain private business enterprises, the same being the development of subdivisions for the purpose of making it possible for those subdivisions to acquire improved streets without the present outlay of large sums of money and with the county assuming the obligation to pay for such street improvements in the event the promoters, owners and purchasers of lots in such subdivision fail to pay for the same. If it should develop that the bonds were issued primarily for a public purpose and to improve highways already existing forming a part of the highway system of Hillsborough County, then the bonds were valid obligations of the county. But, if such bonds were issued primarily for the benefit of, and to assist in, the development of private business enterprises in the nature of subdivisions which were being promoted and sold for profit and to lend the credit of the county to such subdivisions, to procure paving to make their business proposition more attractive and to save such subdivisions the necessity of present outlays of cash and to assume by the county the payment for such improvements in the event that the owners, promoters and lot owners in such subdivisions fail to pay the assessments levied, then such bonds would be void as general obligations of the county, though they might remain valid documents evidencing the interest which the holders thereof have in the funds which may be derived from the special assessment levied and collected in the respective subdivisions.

"For the reasons stated, the decree should be affirmed as to the validity of the refunding bonds sought to be issued not challenged by the above quoted paragraphs of the answer and not challenged by like paragraphs in other answers filed; and the decree should be reversed as to the validation of bonds sought to be issued to refund the outstanding bonds referred to in such paragraphs of the answer, with directions that the motion to strike these paragraphs of the answer be vacated and an order be entered requiring the relators to plead further to such paragraphs of the answer and that such further proceedings be had as may be in accordance with law and equity."

In this case the statements contained in the bonds were not sufficiently challenged or negatived by the tendered second plea to require evidence under an issue of fact on the plea, and it was not error to exclude evidence under the rejected second plea. Such principles announced in Crawford v. State, *ex rel.* Klemm, 110 Fla. 301, 149 So. 340.

The bonds obligate the city to pay the principal sum "With interest on said sum from date hereof until paid at the rate of six per centum ($\%$) per annum, interest payable semi-annually." The coupons are negotiable instruments and bear interest after maturity. Jefferson County v. Hawkins, 23 Fla. 223, 2 So. 362.

There was no error in directing a verdict for the plaintiff on the record as made.

Affirmed.

ELLIS, TERRELL, BUFORD and DAVIS, J. J., concur.