**CITY OF WINTER HAVEN, FLA., v. GILLESPIE et al.***

No. 7999.

Circuit Court of Appeals, Fifth Circuit.

June 10, 1936.

*Rehearing denied Aug. 3, 1936.

W. H. Poe, of Orlando, Fla., and H. C. Crittenden, W. J. Touchton, and Henry Sinclair, all of Winter Haven, Fla., for appellants.

D. C. Hull, Erskine W. Landis, and Francis P. Whitehair, all of De Land, Fla., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellees are the holders of city of Winter Haven bonds. Appellants are the city of Winter Haven, appealing from a judgment taken pro confesso, and property taxpayers who, after the bill had been taken as confessed against the city, were allowed to intervene, not as defend-

ants, but as "friends of the court" to make "suggestions."

The bill alleged the existence of Winter Haven in 1925 as a municipality embracing 1,430 acres of land, it having a total assessed valuation of approximately $16,000,000 and outstanding bonded indebtedness of approximately $339,000. That the area surrounding and immediately adjacent to the territory constituting Winter Haven was urban property, and the inhabitants and property owners thereof and the citizens of Winter Haven were desirous of having that property incorporated into the city of Winter Haven. That under an act passed at the regular 1925 session, chapter 11301, Sp.Acts, Laws of Florida, this extension was accomplished. That as the result of this extension some 9,410 acres were added to the city of Winter Haven, with an assessed valuation of approximately $20,000,000. That thereafter the city of Winter Haven exerted full and complete jurisdiction over its territory as thus constituted. Among other things, it put out twenty-three issues of bonds, totaling $3,320,000, and these bonds were, in bond validating proceedings, duly and regularly validated by final judgment of a court of competent jurisdiction. Of the proceeds of these bonds a large portion was used within the new territory. For the purpose of paying maturing principal and interest on them the city of Winter Haven, from 1926 to 1933, inclusive, levied and collected taxes on property within it. On March 7, 1934, the Supreme Court of Florida in a quo warranto proceeding[1] held that the title of chapter 11301 was not sufficiently broad in view of section 16 of article 3 of the Constitution of Florida to sustain the annexation as to most of the territory brought in, and reversing the judgment of the circuit court of Polk county directed that a judgment of ouster be entered against the respondents as to all the territory brought in by the annexation, except 800 acres which had been the town of Florence Villa. That plaintiffs are the owners of some of the bonds in question and have obtained a federal court judgment upon certain of the bonds and coupons which had matured. That the exclusion of the property by the judgment of ouster leaves the city with an assessed valuation of only $7,353,694, while the bonded indebtedness is approximately $2,029,800. That the interest on the bonded indebtedness has defaulted to the extent of $85,000, the principal to the extent of $174,000. That to service the bonds the territory of the city of Winter Haven remaining after the ouster judgment is wholly inadequate, and plaintiffs would be irreparably injured if the city of Winter Haven were permitted to exclude the property from its tax rolls, and not levy and collect taxes thereon. That plaintiffs were not parties to the ouster suit, nor were any of the bondholders, and the judgment of ouster was not binding on them. That if it be held in this suit that the city of Winter Haven was not a city de jure as to the territory annexed, it ought to be held that it was a city de facto. That as such it had a right and was obligated, to levy and collect taxes on property in it, to service the bonds issued on the faith of its existence as a city so constituted, and it still is so obligated.

The prayer of the bill was that the property within the territory so annexed be declared to be subject to the levy of an ad valorem tax by the city of Winter Haven for the payment of plaintiffs' bonds, in the same manner as provided by the statute authorizing the issuance of such bonds. That for the servicing of these bonds the officers of Winter Haven be required to consider the assessed valuation of such territory in fixing the levy of taxes for principal and interest, that the territory be not excluded from the assessment rolls, but be embraced therein, and that the necessary taxes be levied and collected. The city, answering not, made no defense against the bill either of fact or of law. Interveners, as "friends of the court," filed a motion to strike and an "answer," in which it was "suggested" that the Supreme Court of Florida having found the caption of the act insufficient to comply with the constitutional requirement for enacting statutes in Florida, the whole annexation proceedings must be held void, and the issuance of bonds against and the levy and collection of taxes on the annexed property a nullity. Plaintiffs filed a motion to strike the answer.

The District Judge denied the motion of the amici curiæ and sustained plaintiffs' motion. Whereupon final decree was entered in effect declaring the territory

---

[1] State ex rel. Landis v. City of Winter Haven, 114 Fla. 199, 154 So. 700.

taken in by the annexation and out by the ouster proceedings remained, for the purpose of satisfying and servicing plaintiffs' bonds, in, as territory of the city of Winter Haven, and requiring the officers, while the bonds remained unpaid, to take it into account in assessing, levying and collecting taxes for the purpose of servicing them.

In view of the fact that the city of Winter Haven filed no answer, and did not otherwise appear in the cause except through the procurement of the intervening "friends of the court," to join them in this appeal, and in view of their appearance in the cause not as parties, but as amici curiæ a preliminary question arises as to whether the appeal should be entertained or dismissed.

We held in Normandy Beach Dev. Co. v. United States ex rel. Brown-Crummer Inv. Co., 69 F.(2d) 105, that the only proper parties to a mandamus suit are the relators who seek to compel performance of a duty, and those on whom the duty is imposed by law, and that intervening taxpayers, like these here, have no standing to appeal. Though this is a suit for injunction, it is for a mandatory one, and in its nature it is a suit for mandamus to direct officials of a city to proceed as they ought to do, and it may be questioned whether intervening taxpayers could any more appeal from a judgment in this suit than they could in that. We do not decide that question, however, for these appellants did not come into the cause as interveners. They came in by a pleading and order specifically fixing their status as and limiting it to, that of "friends of the court." They thus have no status except to advise, or, as they themselves put it, to "suggest." They are not named in, they are not parties to, and they are not bound by, the decree. They are without standing here to appeal. Hughes Federal Practice, vol. 1, § 37, p. 37; American Jurisprudence, vol. 2, p. 679, §§ 4–6 and 7.

As to the city's appeal, though it made no answer and did not otherwise appear in the case, it had the right to appeal from the judgment on the bill taken as confessed, for the purpose and to the extent of, questioning whether the decree is justified on the facts stated in the bill. Ohio Cent. R. Co. v. Central Trust Co., 133 U.S. 83, 10 S.Ct. 235, 33 L.Ed. 561; 3 C.J. § 451, p. 607.

Testing its appeal by that rule, we think it plain that the decree should be affirmed, for it clearly appears from the bill that as to the bonds and the territory in question, everything the state required to be done was done to validate the bonds before they went into the hands of innocent purchasers. There was even a judgment in a plenary validating proceeding establishing their validity. Greene v. Uniacke (C.C.A.) 46 F.(2d) 916; Sparks v. Ewing, 120 Fla. 520, 163 So. 112; City of Winter Park v. Dunblaine, Inc., 121 Fla. 600, 164 So. 366; State ex rel. Fidelity Life Ass'n v. City of Cedar Key (Fla.) 165 So. 672.

Under these circumstances it may not be doubted that under both state and federal decisions the annexed territory remains liable for the bonds, and must pay them; for the defect for which the judgment of ouster was entered went, not at all to the power of the Legislature under the Constitution, but to a defect in the form the exertion of the power took. The ouster proceeding was therefore without effect as to these bonds. For their servicing the city of Winter Haven remains constituted as it was constituted when the bonds were authorized and issued, the officials remain obligated as they were then obligated to act in their servicing. This is the rule of the federal courts. It is the rule of the state courts. It is especially the rule in Florida. State ex rel. Fidelity Life Ass'n v. City of Cedar Key, supra; Mobile v. Watson, 116 U.S. 289, 305, 6 S.Ct. 398, 29 L.Ed. 620; Shapleigh v. San Angelo, 167 U.S. 646, 17 S.Ct. 957, 42 L.Ed. 310; Payne v. First Nat. Bank (Tex.Com.App.) 291 S.W. 209; c/f Board of Public Instruction for Polk County v. Gillespie (C.C.A.) 81 F.(2d) 586; City of Decatur v. Thames B. & T. Co. (C.C.A.) 84 F.(2d) 105.

Appellants' main argument, assuming a conflict which does not exist, is addressed to the binding effect upon the federal court of state court decisions construing state laws. Their main insistence is that the decision of the Supreme Court of Florida in the ouster case binds here. This argument is wholly beside the point. There is no question here of the binding quality of the ouster decree as to the future, the only tense in which it speaks. What is in question here is the unwarranted claim made for it that it purports to have and has retroactive effect upon bonds is-

sued and obligations assumed before its entry or the institution of the proceedings which led up to it. As to these debts and obligations incurred and validated as in accordance with Florida laws, the annexed property remains liable for the debts, the city officials remain authorized and obligated to subject it to them.

The appeal of the amici curiæ is dismissed without prejudice to them from the decree they seek to appeal from. On the city's appeal, the decree is affirmed, with costs.