## BOARD OF PUBLIC INSTRUCTION FOR BREVARD COUNTY, FLA., v. OSBURN.

### No. 8920.

Circuit Court of Appeals, Fifth Circuit.

Feb. 24, 1939.

HUTCHESON, Circuit Judge, dissenting in part.

George Palmer Garrett, of Orlando, Fla., and Leonard B. Newman, of Titusville, Fla., for appellant.

Talbot Whitfield, Jr., and William K. Whitfield, both of Tallahassee, Fla., and Woodford R. Smith, of Orlando, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The suit, conducted under Florida common law practice, was on five bonds payable to bearer for $1,000 each, dated May 15, 1927, and due May 15, 1931. In addition to the principal, interest after maturity was sued for. Brief separate pleas were filed, demurrers to which were sustained. The defendant not pleading further, judgment was given for $5,000 principal and $2,135 interest. On this appeal three contentions are argued, to-wit: 1. The Act authorizing the bonds is in violation of Sections 8 and 9 of Art. 12 of the Constitution of Florida. 2. Interest after maturity is not collectible under the facts pleaded. 3. The judgment should not have been general, but against a special fund.

Article 12 of the Florida Constitution provides a statewide system of education headed by the State Board of Education, and carried on in each county by a County Board of Public Instruction. The

County Boards are corporations; section 523, Comp.Genl.Laws of 1927. Their duties, all relating to the financing and managing of the schools, are stated in section 561. Sect. 8 of Article 12 of the Constitution makes mandatory the levy and collection annually in each county of a tax "for the support of the free public schools therein"; and Sect. 9 adds to this tax certain other sources of revenue to constitute the County School Fund which "shall be disbursed by the County Board of Public Instruction solely for the support and maintenance of public free schools." In the opinion of the Supreme Court of Florida these provisions contemplate an annual budget, to be used only for current expenses, and not to be pledged in future years to the payment of bonds and the interest on them, nor encroached on presently to build houses or obtain permanent equipment for which other Sections of the Constitution make special provision. Bonds and time warrants to be paid in the future out of this school fund have been refused issuance or validation. Leonard v. Franklin, 84 Fla. 402, 93 So. 688, decided in 1922; Barrow v. Moffett, 95 Fla. 111, 116 So. 71; State v. Board of Public Instruction Indian River County, 98 Fla. 1152, 125 So. 357. And see Board of Public Instruction v. Union School Furn. Co., 100 Fla. 326, 129 So. 824. But where deficits have occurred in the maintenance and operation of the schools, a valid debt exists against the Board of Public Instruction, and where bonds or time warrants issued pursuant to legislation have been in fact validated and sold, they have been upheld and payment required, at least to the extent that the school budget may reasonably permit. Cases of this sort, among them Board of Public Instruction v. Gillespie, 5 Cir., 81 F.2d 586, from this court, were reviewed by the Supreme Court of Florida in State v. Board of Public Instruction Dade County, 126 Fla. 142, 170 So. 602, 603, and bonds which had been issued to pay outstanding indebtedness incurred in operating the schools, where it was not shown that the bonds would violate budgetary requirements or materially disturb the operation of the schools, were held valid obligations which could properly be refunded. The Special Act by which the bonds here sued on were authorized, Chapter 12540, Sp.Acts of 1927, states that they were to be issued to take up an outstanding indebtedness incurred in the support and maintenance of the public schools of Brevard County, and the bonds so recite. The

judgment validating them no doubt went on that ground. It may very reasonably be held that no diversion of the constitutional county school fund is necessarily involved, although the Act requires that the taxes which must be laid to pay the interest and create a sinking fund for the principal of the bonds "shall be a part of the tax provided for by Section 8 of Article 12 of the Constitution of the State of Florida." Section 4. This bond tax is only to supply the deficiency in tax in the years in which the outstanding obligations were incurred. If they were really incurred in the support and maintenance of the Schools, it is no misapplication of the school fund to pay them out of it in a succeeding year or years, as augmented by this additional tax. The Legislature having sanctioned this funding of the accumulated debt, and the court in validating these bonds having found no fault, and even now no facts having been shown which indicate that any embarrassment has resulted in the operation of the schools, it cannot be said the bonds are wholly void. Indeed, according to the pleas filed, it would seem that the Board has paid all the interest coupons on these bonds as they fell due, and had the money ready to pay the principal at maturity. The court rightly refused to hold the bonds invalid. That the plaintiff bought them at a discount after maturity, as is pleaded, is of no importance. Cromwell v. County of Sac, 96 U.S. 51, 24 L.Ed. 681.

Whether the interest since maturity is recoverable in the face of the pleas particularly addressed to it has given us much trouble, largely because the true facts have not been fully developed. The declaration does not specifically allege that the bonds, which were payable at Hanover National Bank in New York, were presented there at maturity, or that any demand for payment was made on the Board before the suit was filed on Sept. 22, 1937, nearly six and a half years after. The bonds do not promise to pay interest after maturity, but only to pay interest at the rate of six percent per annum, payable semi-annually, on presentation of annexed coupons. The coupons of course covered interest only until maturity. The authorizing statute leaves the matter of interest to the Board. A State does not owe interest after maturity on its bonds where none is expressly promised. United States v. North Carolina, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336. A like rule obtains in Florida as to counties on their ordinary indebtedness, though liq-

uidated by warrant. National Bank of Jacksonville v. Duval County, 45 Fla. 496, 34 So. 894, 3 Ann.Cas. 457; Duval County v. Charleston Engineering Co., 101 Fla. 341, 134 So. 509. Yet these latter cases recognize that a different rule is to be applied to negotiable bonds and coupons issued by a county under due authority. In Jefferson County v. Lewis, 20 Fla. 980, 981, a county bond, which read about like those here in suit, was not paid at maturity and was sued. It was assumed that interest after maturity was collectible and the question was whether the contract rate or legal rate should apply. The contract rate prevailed on the authority of Cromwell v. County of Sac, 96 U.S. 51, 24 L.Ed. 681, where also interest after maturity was assumed to be collectible without arguing the matter. However, in Jefferson County v. Hawkins, 23 Fla. 223, 2 So. 362, the question of interest after maturity was squarely raised touching a coupon, and again on the authority of Cromwell v. County of Sac, supra, it was held to bear interest. We see no difference between an overdue coupon which promises no interest after maturity, and a bond which similarly makes no promise. Public bonds bearing interest are offered as investments, and the investor is moved to buy them because of the interest to be received. He ought to have interest at least so long as failure to pay the principal is not his fault but his debtor's. But on the other hand he ought not to be allowed to protract the investment beyond the term fixed by the bond and authorized by law, when the county or other public body is ready to pay as promised.

The County Board of Public Instruction, though an arm of the State educational system, is limited in its functions to its county, and is to be analogized to a county, rather than regarded as the State itself. This was in effect held in State v. Board of Public Instruction, 126 Fla. 142, 170 So. 602. We hold that its liability for interest on its bonds after maturity follows the rules established in Florida for counties.

The pleas put forward in this connection which were stricken on demurrer are: "4. That said bonds have never been presented for payment, nor has payment been refused by this defendant prior to the institution of this suit." "5. That at the maturity of said bonds sued upon, this defendant was ready, willing and able to pay same; that this defendant placed funds with Hanover National Bank in the City of New York, New York, at which place said bonds were payable, sufficient to pay said bonds at maturity, with instructions to pay said bonds herein sued upon." While these averments seem to negative any breach of contract by the defendant, it is settled that they do not defeat suit altogether. The suit itself is a demand for payment, and failure to present the bond at the time and place agreed does not discharge the debt. The general rule is that such presentment need not be alleged or proved by the creditor, and that it is for the debtor to allege and prove readiness to pay at the appointed time and place, and that for a complete defense against interest and costs he must also allege and prove a continued readiness to the time of suit and must pay the sum promised into court. Wallace v. McConnell, 13 Pet. 136, 10 L. Ed. 95; Greeley v. Whitehead, 35 Fla. 523, 17 So. 643, 28 L.R.A. 286, 48 Am.St.Rep. 258. The pleas here fall short of showing a tender which would wholly defeat the suit. They confess the debt to be still owing. Are they good against the interest sued for, in whole or in part?

We think so, in view of the public character of the defendant and the law governing these bonds. As has already been stated the Act, Chapter 12540 of Sp.Acts of 1927, required the Board to levy annually a special tax to pay the interest and create a sinking fund for the principal of these bonds. The Act requires the County Tax Collector to turn over to the County Depository "all money collected for said interest and sinking fund, to be at all times by such county depository or depositories kept and maintained in a separate fund, and said fund shall be subject to the control of the County Board of Public Instruction, for the County of Brevard, State of Florida, for the sole purpose of paying the interest due on said bonds or warrants and retiring the same at their maturity." Section 4. The other pleadings show that all interest coupons were paid, and plea Number 5 shows that the money to pay the principal of these bonds was on hand at the appointed place. The plaintiff contends that the failure to allege that it is still at Hanover National Bank, or to tender it into court, must be taken to mean that the defendant has used the money otherwise and ought in justice to be held to pay plaintiff interest for the use of her money. We do not think this inference or assumption can be made in the face of the plain requirement of law that this fund be used for no other purpose than the payment of these bonds, and the presump-

tion that public officials do their duty. We ought to presume that the money raised and set aside for their payment was not otherwise used. Instead of demurring to the pleas quoted the plaintiff should have taken issue with Number 4 and put the defendant in the wrong by proving, if it is true, that she did at some date demand her money and was refused; and should have replied to Number 5, if such is the fact, that the money was not kept ready for the payment of her bonds but was otherwise used by the Board. This case involves the public interests, and the additional claim of $2,135 as interest for which no provision has been made is a serious inroad upon the current county school fund. The facts ought to be more fully shown. Out of the facts the law arises, and we hesitate to attempt to declare the law until the facts are clear. We have discovered no Florida decisions touching the recovery of unpromised interest after maturity on public bonds payable to an unknown bearer when the money was ready to pay them but was not claimed at the appointed time and place; or touching the effect of the use afterwards of the money by the public debtor; or the failure for an unreasonable time of the unknown creditor to appear and press his claim. The decisions of other courts are not in accord. It has been said in United States v. North Carolina, 136 U.S. 211, 10 S.Ct. 920, 34 L. Ed. 336, that unpromised interest after maturity is allowed as damages for the detention of the money. And it has been said elsewhere that such interest is never allowed when it is the fault of the creditor that prompt payment was not had. 33 C.J., Interest, § 140, and cases cited. There are cases where unpromised interest which ordinarily would be allowed on overdue money demands has been refused on the sole ground that the creditor had delayed unreasonably to press his claim, and this even when the delay occurred after he had sued it. See discussion and cases cited in City of Fort Worth v. McCamey, 5 Cir., 93 F.2d 964. If this plaintiff never appeared and demanded her money before suit, so that the Board had no opportunity to pay her, a strong argument can be made that she should not have six and a half years of accumulated interest, even though the money was taken out of the Bank, where it stood at the Board's risk, and was employed otherwise. So on the other hand a strong argument can be made that the Board ought to pay interest for detaining the money if after maturity of the bonds it profitably used the money which in a sense was the money of plaintiff. We refrain from expressing our opinion on supposed facts, holding that by further proceedings the facts ought to be developed.

The third question argued, whether the judgment ought to be general or against a fund, does not appear to have been made or decided in the district court. The taxes laid to pay these bonds are the special fund meant. The Board has a general power under Sect. 8, Art. 12 of the Florida Constitution, to tax all property in the county, within the constitutional limits, so that if they owe a debt and have not funds for its payment it would seem that a general judgment is proper, as in the case of an ordinary county debt. It has not pleaded the existence of a special fund nor claimed that judgment be restricted to it.

In view of Rule of Civil Procedure 54, 28 U.S.C.A. following section 723c, we affirm the judgment for $5,000 principal and costs, and reverse the judgment striking on demurrer pleas 4 and 5 as applied to the claim for interest, and set aside so much of the final judgment as awards a recovery of $2,135 for interest, and direct as to the claim for interest further proceedings consistent with this opinion. The appellant is allowed costs of this appeal.

Reversed in part.

HUTCHESON, Circuit Judge (concurring in part and dissenting in part).

Except as to the form of the judgment hereafter discussed, I agree with what is said about affirming and with the affirmance of the judgment for principal and costs. I disagree with the reasons given for reversing and with the reversal of that much of the judgment as allows recovery for interest. I think the opinion incontrovertibly sound in its holding that the stricken pleas, four and five, presented no defense whatever to the recovery of the principal of the bonds. I can not see how if they presented none to the recovery of the principal they did not for the same reasons present none to the recovery of the interest. With deference I think the majority has treated the interest recovered here as damages rather than as it is, an incident of the debt. The case of Fort Worth v. McCamey, 5 Cir., 93 F.2d 964 and the authorities cited in it, are in my opinion, without application here. I think this case is ruled by Redfield v. Ystalyfera Iron Co., 110 U.S. 174, 3 S.Ct. 570, 572, 28

L.Ed. 109, holding that where interest "is reserved expressly in the contract, or is implied by the nature of the promise, it becomes part of the debt, and is recoverable as of right." This being so, I can not see how the stricken pleas, which clearly present no defense to the claim for the principal, can be held to present any to the claim for the interest. I think too the judgment should not have been general against the Board but should have been limited as to its satisfaction to the source the statute designates, the tax provided by Section 8 Article 12 of the Florida Constitution. Cf. Board of Public Instruction v. Gillespie, 5 Cir., 81 F.2d 586, 589.

I therefore dissent from the reversal as to the interest and from the failure to limit the judgment as to its satisfaction.