52 So.2d 131 (1951)
THOMAS N. CARLTON ESTATE, Inc.
v.
KELLER et al.
Supreme Court of Florida, Special Division A.
April 20, 1951.
W.W. Whitehurst, Wauchula, for appellant.
Rosin & Paderewski and M.A. Rosin, all of Arcadia, for appellees.
WEHLE, Associate Justice.
The plaintiff's grantors, Taylor and wife, the owners of certain lands in Hardee County, on March 25, 1946, contracted to sell said lands to Keller and wife for $11,000.00, $4,000.00 down, and the balance $1,000.00 a year payable on March 25th of each of the succeeding years for three years and the remaining $4,000.00 on March 25th of the 4th year, with interest on the unpaid balance from date of sale at 4% per annum. The Kellers were put into possession of the property and a deed from the Taylors to the Kellers was placed in escrow with the Wauchula State Bank, under an escrow agreement which provided that upon payment of the sums above set forth, the deed was to be delivered to the Kellers and "if payments are not made as specified or within 60 days thereafter, then the above deed to be returned to J.N. Taylor, and said Frank W. Keller to deliver possession and said Taylor to *132 keep all moneys paid as rent and in liquidation of all damages suffered from said Keller not fulfilling his obligations. Taxes to be kept paid by said Keller. In case payments are not made and deed is returned to Taylor, then said Taylor agrees not to look to said Keller for any further payments except the land."
The annual interest payments due in 1947, 1948, and 1949 were paid to the escrow agent and received by Taylor. None of the $1,000.00 payments on principal due in said years was made. Keller died in 1947 and his wife (defendant herein) and sons remained in possession of the lands, operating a truck farm and citrus grove thereon.
The escrowed deed remained with the Bank until January 9, 1950, when Taylor secured the deed from the Bank and on the same day conveyed the land to the plaintiff and notified Mrs. Keller to vacate. She did not comply but continued in possession and proceeded to sell the current citrus crop to the other defendants herein.
Bill of Complaint was filed February 3, 1950, setting forth the above facts and asking for an injunction against the sale and removal of the fruit, a receiver of the property, and a mandatory injunction requiring Mrs. Keller to vacate the premises.
Defendant, Mrs. Keller, answered claiming that the making of the annual payments on principal had been orally waived from time to time by Taylor and that no notice had been given to her of Taylor's intention to claim a forfeiture of her rights under the contract, and that she stood ready to make whatever payments might be due; and asked, as a counterclaim, for the Court to declare the rights, status, et cetera; of the parties and to require vesting of the title in her upon her completing such payments of principal and interest as the Court might find were past due and such further payments as might become due in the future.
It was admitted that plaintiff stood in the legal shoes of Taylor and that plaintiff's cause of action was subject to any defenses that might have been asserted against Taylor had he not conveyed to the plaintiff.
The Chancellor personally heard the testimony and entered a decree for the defendants finding that Mrs. Keller was the vendee in possession of the property, was entitled to notice with a fair opportunity to make up the defaulted payments, and, not having been given such notice and opportunity, was entitled to prevail on her counterclaim. The decree further provided that she should have 21 days to place herself in good standing under the contract by paying the defaulted principal payments and current interest and that, upon making such payments and completing the payments due in the future, she would be entitled to a warranty deed of conveyance.
Appellant claims that, under the escrow agreement, upon admitted defaults in payment on principal, the vendor, Taylor, had the legal right to the termination of the escrow and the return of his deed without notice to the vendee, Keller, and without giving her an opportunity to make the delinquent payments and without offering to repay to the vendee such portion of the down payment of $4,000.00 as exceeds the actual damages incurred by the vendor.
Appellant's failure to make such offer to do equity by returning the excess moneys may not necessarily bar plaintiff from relief. It is not necessary for us to determine this point as the correctness of the Chancellor's decree can be sustained on other well-established principles.
Taylor for over three years waived strict performance of the provisions of the contract requiring the annual payments of $1,000.00 on account of principal, and thus precluded himself from declaring a forfeiture without notice to the vendee of his intention to insist upon strict performance and without offering vendee a reasonable opportunity to relieve herself of the forfeiture by making the delinquent payments. To hold otherwise would be contrary to our conception of equity and justice.
The doctrines of waiver and estoppel are frequently confused and sometimes are incorrectly *133 regarded as synonymous. A waiver of rights existed in this case. Whether or not the Chancellor based his decree on a waiver or estoppel is not important as the net result of his decree could be justified under either theory.
"Waiver is the intentional relinquishment of a known right (27 R.C.L. 904), and may be express or implied. * * * Waiver may be inferred from conduct or acts putting one off his guard and leading him to believe that a right has been waived." Rader v. Prather, 100 Fla. 591, 130 So. 15, 17.
"A party may waive any rights to which he is legally entitled * * *." Bellaire Securities Corp. v. Brown, 124 Fla. 47, 168 So. 625, 639.
"A waiver of a covenant by the party for whose benefit it is inserted may be made by parol." Masser v. London Operating Co., 106 Fla. 474, 145 So. 72, 79, 84.
For a case very closely in point see Baum's Appeal, 113 Pa. 58, 4 A. 461, where several parol extensions of payment of the balance of the purchase price in an escrow contract were granted and an additional parol extension for an indefinite time and the Court held that the vendee, who had not been notified by the vendor of any forfeiture of the escrow, was entitled to delivery of the deed upon making the payments due, on the theory that the vendor's conduct was calculated to throw the vendee off guard.
Another case with many features similar to the incident one is Southern v. Linville, 139 Kan. 850, 33 P.2d 123.
When a party waives a right under a contract he cannot, without the consent of his adversary, reclaim it. See Gilbert v. Globe & Rutgers Fire Ins. Co., 91 Or. 59, 174 P. 1161, 178 P. 358, 3 A.L.R. 205, 209.
Taylor, having waived his right to take advantage of the default, had several remedies available. He could have sued on the contract for the amounts due, or he could have brought a suit in the nature of a foreclosure. If estoppel had existed, rather than waiver, the ban of such estoppel could have been lifted only upon giving a proper notice to the vendee. See Gilbert v. Globe & Rutgers Fire Ins. Co., supra.
Under the application of either doctrine the vendee would have been afforded an opportunity to pay the balance of the contract price and secure a conveyance of the property. The effect of the Chancellor's decree is to give her such an opportunity.
The judgment below is therefore affirmed.
SEBRING, C.J., and TERRELL and THOMAS, JJ., concur.