76 So.2d 863 (1955)
The BOARD OF PUBLIC INSTRUCTION FOR the COUNTY OF SUMTER, State of Florida, for and on Behalf of SPECIAL TAX SCHOOL DISTRICT NO. 12, Appellant,
v.
Ed C. WRIGHT, Appellee.
Supreme Court of Florida. En Banc.
January 7, 1955.
*864 Carroll W. Fussell, Bushnell, and Askew & Earle, St. Petersburg, for appellant.
Joseph C. Young, Robert J. Pleus and Pleus, Edwards & Rush, Orlando, for appellee.
HOBSON, Justice.
The facts of this case are stated in the opinion prepared by Mr. Justice THOMAS.
This court has consistently adhered to the fundamental principle that our state constitution is a limitation upon, rather than a grant of, power. Cotten v. Leon County Commissioners, 6 Fla. 610; State v. Board of Public Instruction for Dade County, 126 Fla. 142, 170 So. 602; State ex rel. Cunningham v. Davis, 123 Fla. 41, 166 So. 289, rehearing denied 122 Fla. 700, 166 So. 574; Savage v. Board of Public Instruction for Hillsborough County, 101 Fla. 1362, 133 So. 341; Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876. The time-honored principle or rule of law that "contracts for the payment of money bear interest after maturity, though silent on the subject, unless there is an express stipulation to the contrary" was adopted in this jurisdiction as early as 1853. See Myrick v. Battle, 5 Fla. 345. And absent Section 17 of Article XII of the Florida Constitution, F.S.A., or any organic constitutional or statutory inhibition, Florida has always subscribed to the general rule that coupons from negotiable bonds bear interest after maturity. Jefferson County v. Hawkins, 23 Fla. 223, 2 So. 362; City of Winter Park v. Dunblaine, 121 Fla. 600, 164 So. 366; Panama City v. Free, Fla., 52 So.2d 133; Board of Public Instruction for Brevard County v. Osburn, 5 Cir., 101 F.2d 919. This view is not regional, but is supported by the great weight of authority. See, e.g., City of Cairo v. Zane, 149 U.S. 122, 13 S.Ct. 803, 37 L.Ed. 673; Scotland County v. Hill, 132 U.S. 107, 10 S.Ct. 26, 33 L.Ed. 261; Town of Pana v. Bowler, 107 U.S. 529, 2 S.Ct. 704, 27 L.Ed. 424; Town of Koshkonong v. Burton, 104 U.S. 668, 26 L.Ed. 886; Walnut v. Wade, 103 U.S. 683, 26 L.Ed. 526; Cromwell v. County of Sac, 96 U.S. 51, 24 L.Ed. 681; Town of Genoa v. Woodruff, 92 U.S. 502, 23 L.Ed. 586; Clark v. Iowa City, 20 Wall. 583, 22 L. *865 Ed. 427; City of Aurora v. West, 7 Wall. 82, 19 L.Ed. 42; Gelpcke v. City of Dubuque, 1 Wall. 175, 17 L.Ed. 520; Lusk State Bank v. Council of Town of Lusk, 48 Wyo. 547, 52 P.2d 413; Jones on Bonds and Securities (4th Ed.) Sec. 735, and cases there cited. Illinois appears to be alone among jurisdictions in following a contrary rule. See City of Pekin v. Reynolds, 31 Ill. 529.
The last clause of Section 17, Article XII, which reads: "such tax shall not be applied to any purpose other than the payment of the principal and interest of said bonds" (emphasis added) is not a prohibition against interest upon coupons after maturity, although there may be situations in which interest after maturity should not be enforced, such as where a showing is made that the obligor was ready, able and willing to pay the obligation at maturity. See Board of Public Instruction for Brevard County v. Osburn, supra, 101 F.2d 919. We cannot be persuaded that this clause means any more than that the special tax fund provided for the payment of the principal and interest of the bonds shall not be used to meet or pay another, or different, obligation. It simply means that such special tax fund shall be used to pay the principal and all lawful interest of the bonds, which would include interest upon the coupons. Stated differently, we believe that this language must be construed as prohibiting the use of the proceeds of the tax levied under Section 17 for any purpose other than the retirement of the indebtedness created under that section, rather than as being definitive  or in any way restrictive  of the Board's liability for interest after maturity on its bonds and the interest coupons from such bonds.
An interpretation which deprives coupons of their ordinary characteristics appears antithetical to the purpose of the 1924 amendment to Section 17, see Perry v. Consolidated Special Tax School Dist. No. 4, 89 Fla. 271, 103 So. 639, which removed the millage restriction on the tax for debt service and was plainly intended to increase the dignity of special tax school district bonds and place them on a parity with the highest level of municipal securities. Moreover, county boards of public instruction have often been analogized to counties, to fit them into a comprehensible legal pattern and establish or preserve their credit. See State v. Board of Public Instruction, 126 Fla. 142, 170 So. 602; Bryan v. Board of Public Instruction, 142 Fla. 693, 195 So. 698; and Board of Public Instruction for Brevard County v. Osburn, supra, 101 F.2d 919. By the same token, in Board of Public Instruction for Dade County v. State ex rel. Tanger Inv. Co., 121 Fla. 703, 164 So. 697, we said, in an opinion prepared by Mr. Justice Davis:
"Special tax school district bonds are in all respects analogous to ordinary municipal bonds. This is true, because they are issued by a public corporation under its seal and pursuant to statutes which make them negotiable instruments when issued in accordance with the provisions of section 17 of article 12 of the State Constitution and the statutes cognate therewith." 164 So. 697, 698.
And we said in Panama City v. Free, supra, 52 So.2d 133, 135, speaking through Mr. Justice Roberts:
"We are also asked to decide whether or not a demand is necessary to start the running of interest on the matured coupons. (No issue is made as to the recoverability of such interest, since it is settled in this state, in accordance with the great weight of authority, that interest is recoverable upon coupons after their maturity notwithstanding the absence of a provision therefor in the bonds or coupons. Jefferson County v. Hawkins, 23 Fla. 223, 2 So. 362; Jones, on Bonds and Bond Securities, 4th Ed., Section 735.)"
To hold that such bonds as are here in suit are unusual in that defaulted coupons therefrom do not bear interest would result in reducing their attractiveness to investors everywhere, present and future, reduce market value and the number of dollars *866 available for school purposes, and greatly impair the credit and stability of our school system.
It may be felt that as a policy matter a restrictive interpretation which would declare to be unlawful expenditures by the Board for debt service which have hitherto been considered lawful will result in safeguarding public school funds. But insofar as the decision of this case can depend upon considerations of policy, it appears that the means would defeat the end. The growth of our state will not permit its school system to become static. To make school bonds sui generis, by depriving them of the incidents which it has consistently been held that they possessed, and by removing all incentive on the part of the Board to make payment of coupons on the due date, would repel investors everywhere if indeed it would not virtually eliminate this source of school financing.
We hold that Section 17 of Article XII of the Florida Constitution, as amended, was not intended to bar, and does not bar, the accrual of interest on defaulted coupons.
We are next asked to decide whether the trial court properly computed interest on the defaulted coupons at the rate of eight per cent, which was the statutory rate in effect when the bonds were issued, Section 4849, R.G.S. 1920, F.S.A. § 687.01, or whether the rate should at any time have been established at six per cent, which was not only the bond rate but also became the statutory rate with enactment of Chapter 22745, Laws of 1945, F.S.A. § 687.01. The coupons matured at intervals from 1931 to 1949, with the majority falling due before 1945, when the statutory rate was amended.
The case of Jefferson County v. Hawkins, supra, 23 Fla. 223, 2 So. 362, long ago settled the law insofar as it holds that as to defaulted coupons the statutory rate of interest in effect at the time of maturity governs. To the extent that the earlier case of Myrick v. Battle, supra, 5 Fla. 345, is inconsistent with the Hawkins case, it must be considered as having been overruled. We hold, therefore, that on the facts of this case the interest on the coupons should be computed from the date of their respective maturities to the date of judgment at eight per cent per annum on those maturing before the date of enactment of Chapter 22745, Acts of 1945, and at six per cent on those maturing after that date.
Affirmed in part and reversed in part.
ROBERTS, C.J., and SEBRING and DREW, JJ., concur.
TERRELL, THOMAS and MATHEWS, JJ., dissent.
THOMAS, Justice (dissenting).
The appellee sued the appellant to recover the principal amount of a debt represented by bonds issued by the appellant on behalf of a tax school district of the county, the interest evidenced by coupons attached to the bonds, and interest on the bonds as well as the coupons from their respective maturity dates.
The Court entered a judgment for the face value of the bonds and coupons, with interest on the bonds at six per cent (6%) after maturity and on the coupons at eight per cent (8%) after maturity.
From the ruling on the pleadings and the judgment itself, the appellant considers that three questions have arisen.
The appellant's first attack is directed at the allowance of interest on both bond and coupon after the due date. I think the bonds fall in one category, and the coupons in another so far as the immediate problem, of interest after maturity, is concerned.
I do not subscribe to appellant's theory that a ruling here must differ from our decisions in Jefferson County v. Hawkins, 23 Fla. 223, 2 So. 362; City of Winter Park v. Dunblaine, 121 Fla. 600, 164 So. 366; and Panama City v. Free, Fla., 52 So.2d 133, on account of the difference in character between a special tax school district on the *867 one hand and a municipality or county on the other. I do not agree that the special tax school district is not chargeable with interest simply because "it is an agency of the State" hence immunized from the interest charge, while the other entities are not.
When definitions of "counties" as they appear in Masters v. Duval County, 114 Fla. 205, 154 So. 172, and Amos v. Mathews, 99 Fla. 1, 126 So. 308, are placed in juxtaposition with our definitions of special tax school districts, the idea that this distinction exists is dispelled.
But it does not follow that the three cases first cited completely dispose of the problem now confronting us as appellee contends. I cannot decide the present controversy on the authority of those decisions because the issuance of bonds such as we are now dealing with is governed by Section 17 of Article XII of the Constitution which is peculiar, of course, to bonds of special tax school districts.
I think it requires no straining whatever to construe the constitutional provisions to mean that the holder of bonds issued under them is entitled to the return of his investment and the interest on it. However, I have found no language in the relevant portions of the Constitution that would justify our holding that the bond holder is entitled to interest on his past due interest coupons. On the contrary the last clause of the section and article quoted appears to be an admonition to the contrary for it reads "such tax [the special tax required to be levied] shall not be applied to any purpose other than the payment of the principal and interest of said bonds." (Emphasis supplied.)
While I have no difficulty in interpreting the Constitution as assuring the discharge of principal and interest in full, I do not discover any authority for the payment of interest on interest coupons past due.
This conclusion would obviate a decision of the question whether interest on the coupons, which contained no statement whatever about interest they should bear after maturity, should be six per cent (6%), the rate stated in the bonds, or eight per cent (8%) as the circuit court fixed it by applying the provisions of Section 4849, Revised General Statutes of Florida 1920, the law in effect at the time the bonds were issued.
The third question poses no important legal problem. The provision in the judgment for the issuance of execution is formally correct and does not oblige us to anticipate or apprehend that levy will be attempted on property not subject to the writ.
In my opinion the judgment should be reversed with directions to enter one deleting any allowance for interest on past due coupons and otherwise the judgment should be affirmed.
For the reasons given I dissent.
TERRELL and MATHEWS, JJ., concur.