STATE, et al., v. SPECIAL ROAD AND BRIDGE DISTRICT No. 4 of Martin County, et al.

173 So. 716.
Opinion Filed April 8, 1937.
Rehearing Denied April 21, 1937.

632

*Carroll Dunscombe,* for Appellants;

*Evans Crary* and *Smith & Kanner,* for Appellees.

BUFORD, J.—The appeal is from final decree validating a refund bond issue.

On the 22nd day of October, 1936, the Petitioners, Special Road and Bridge District·No. 4 of·Martin County, Florida; the Board of County Commissioners of the County of Martin, State of Florida; and W. B. Tilton, C. B. Arbogast, Fred W. Hildebrand, R. L. Wall and R. I. Hamrick, as and constituting the Board of County Commissioners of the County of Martin, State of Florida, filed their petition in the Circuit Court of Martin County, Florida, under the provisions of. Chapter 6868, Laws of Florida 1915; and Chapter 11854, Laws of Florida 1927, against all taxpayers and citizens of Special Road and Bridge District No. 4 in Martin County, Flordia, to refund certain outstanding bonds of such Road District in the manner required and under authority of Chapter 6868, Laws of Flor-

ida, Acts of 1915. The petition with the exhibits attached thereto and made a part thereof complied with the requirements of Chapter 15772, *supra*. Pursuant to the filing of such petition notice was entered on the 22nd day of October, 1936, captioned in said cause to the Taxpayers and Citizens of Special Road and Bridge District No. 4 of Martin County, Florida, and all others it may concern, in the manner and form required by Chapter 6368, *supra*. The return date of the notice was 10:00 o'clock A. M. on November 14, 1936. The notice recited that it should be published in the Stuart Daily News, a newspaper published in Stuart, Martin County, Florida, once each week for three consecutive weeks prior to the date of said hearing.

On the 14th day of November, 1936, proof of publication of such notice was made and filed in the office of the Clerk of the Circuit Court of Martin County, Florida, verified under oath by Edwin A. Menninger, Business Manager of the Stuart Daily News, wherein it was shown that the notice was published October 23rd, 30th and November 6th, 1936.

On October 22, 1936, order to show cause was issued, addressed to Hon. Angus Sumner, State Attorney of the Ninth Judicial Circuit of Florida, requiring him also to appear, in the following language:

"You are required to appear at 10 o'clock A. M. on the 14th day of November, 1936, in the Court House in Fort Pierce, St. Lucie County, Florida, pursuant to the petition in regard to the validation of Road and Bridge Refunding Bonds of Special Road and Bridge District No. 4 of Martin County, Florida, in the sum of Sixty-three Thousand Five Hundred Dollars ($63,500.00), which said petition has been filed in the above styled cause, at such time and place to show cause, if any you have, why the bonds as set forth

in the petition and prayer should not be validated and confirmed as prayed for therein, and as authorized under the laws of the State of Florida.

"WITNESS my hand at Fort Pierce, St. Lucie County, Florida, this 22nd day of October, 1936,

"ELWYN THOMAS

Judge Circuit Court Ninth Judicial Circuit of Florida in and for Martin County."

Upon which the State's Attorney accepted service, in the following language:

"I, Angus Sumner, State Attorney of the Ninth Judicial Circuit in and for Martin County, Florida, do hereby acknowledge service of the foregoing order, and receipt of a copy of the petition therein referred to, this 22nd day of October, A. D. 1936.

"IN WITNESS WHEREOF, I have hereunto set my hand at Fort Pierce, St. Lucie County, Florida, this 22nd day of October, 1936.

"ANGUS SUMNER

State Attorney for the Ninth Judicial Circuit, in and for Martin County, Florida."

The State's Attorney on, to-wit the 14th day of November, 1936, filed his answer, in the following language:

"Comes now the State of Florida, by Angus Sumner, State's Attorney for the Ninth Judicial Circuit in and for Martin County, Florida, and in answer to the petition for validation in the above styled cause, respectfully shows:

"1

"That the State of Florida acknowledges receipt of a copy of the petition in the above cause, and a copy of the

order heretofore made and entered on the 22nd day of October, 1936, requiring it, through the undersigned State Attorney, to show cause, if any it has, on the 14th day of November, 1936, at the hour of 10 o'clock A. M., why said bonds as mentioned and described in said petition should not be validated and confirmed by decree of this Court; and further acknowledges receipt of said copies of said petition and order not less than eighteen days prior to the return date of said order.

"2

"That a careful investigation has been made of the matters alleged in said petition through the agency of the undersigned State Attorney, and it does not appear to him, and he has no reason to believe, that said petition is in anywise defective, insufficient or untrue; that a careful examination of the said petition and exhibits has been made, and in the opinion of the said State Attorney the issuance of the bonds in the manner and form described in the petition has been duly authorized by law, and that the petitioners have complied with all of the requirements of law; it further appears that due and legal notice to the taxpayers and citizens has been given and published and that proof of the publication has been duly filed.

"3

"That notwithstanding that the State of Florida, by and through its undersigned State Attorney, is unable to show, any cause why the petitioners should not have the relief prayed for, the said State of Florida, by and through the undersigned State Attorney, respectfully prays that this Honorable Court will consider the issues in this cause, and that this Court will determine the authority of the petitioners to issue refunding bonds in the manner and form

prayed for by petitioners, and the legality of all proceedings had or taken in connection therewith. .

"All of which is respectfully submitted to the consideration of the Court, by the State of Florida, by and through the undersigned State Attorney, as in duty bound."

On November 10, 1936, A. P. Krueger, a property owner, filed special appearance for the purpose of making a motion to set aside and quash the service by publication. There were four grounds of the motion, as follows:

"1.   No authority is shown to require this defendant to appear.

"2.   No service has been had upon him.

"3.   The attempted service does not comply with the Constitution of the State of Florida.

"4.   That no copy of the petition has been served on the State's Attorney for the ninth Judicial Circuit."

On November 14, 1936, the Court made an order denying the motion. That order was without error because as to ground No. 1 the statute, Chapter 6868, Acts of 1915, of which the Court takes judicial cognizance, requires the publication of the notice, such as was published, and is sufficient notice to bind the taxpayer who wishes to intervene.

As to the second ground of the motion, the record showed the publication of the notice in compliance with the statute.

As to the third ground of the motion, the service complied with the provisions of the statute, Chapter 6868, *supra,* and there is no provision contained in the statute as to such notice which is in conflict with the Constitution.

The fourth ground of the motion is contradicted by the record.

On November 14, 1936, the appellant filed his motion to dismiss the petition on twenty-one (21) grounds. We

deem it unnecessary to set up each of the grounds of the motion. It is sufficient to say that all the questions presented have been determined adversely to the appellant's contention by former decisions of this Court (see State v. Sarasota County, 118 Fla. 229, 159 Sou. 797; Volusia County v. State, 98 Fla. 1166, 125 Sou. 375, and 813; West v. Town of Lake Placid, 97 Fla. 127, 120 Sou. 361; City of Fort Myers v. State, 95 Fla. 704, 117 Sou. 97; State, ex rel. Keefe, v. City of St. Petersburg, 106 Fla. 742, 144 Sou. 313 and 671; 145 Sou. 175), or else the contentions raised by the motion are not supported by the record.

It is contended in the brief for the appellant that the validating statute did not contemplate the filing of mass suits by the same plaintiff at the same time. This Court held against that contention in State v. Town of Belleaire, 125 Fla. 669, 170 Sou. 434, where we held that the mere fact of validating *en masse* is not objectionable.

The appellant next contends that the Court should not have entered a final decree on the petition and with no evidence to sustain it. The final decree was entered after the defendants had filed an answer and the answer had been stricken on motion. So this left no controverted issues to be determined.

In State, *et al.,* v. County of Hillsborough, 113 Fla. 345, 151 Sou. 712, we said:

"But in the validation proceeding the court having jurisdiction of the obligor and those in privity of obligation with it, may make such investigation and arrive at such decision on the issues as *against* the county and intervening taxpayers, as to set at rest the validity of the refunding bonds, if in the validation proceeding the court determines from the pleadings and evidence, or both, that the objections raised as to the validity of the obligations proposed to

be refunded are not substantial or well founded in law or fact on the record made in the refunding bond validation proceeding."

The infirmity of the answer was like that which obtained in the second additional and special plea to the declaration in the case of City of Winter Park v. Dunblaine, etc., 121 Fla. 600, 164 Sou. 366, in which we said: "The quoted averments of the second plea are in the nature of conclusion without averments of facts sufficient to challenge the efficiency of the statements in the bonds as to the authority for their issue and the record proceedings for issuing the bonds." The averments of the answer, which was stricken, were entirely insufficient in allegation of facts to constitute a defense to the validation of the refunding bonds. The allegations of the answer challenging the validity of the original bonds if under any circumstances could have been deemed sufficient to state a defense in this proceeding, were rendered entirely insufficient to do so by the fact that the issuance of the original bonds was ratified and approved by Chapter 7077, Special Acts of 1915.

The next, and last, question presented by appellant in his brief is, "Should the court proceed with validation proceedings when it is made to appear the suit is collusive?" Under this question the appellant contends that the answer of the State's Attorney on behalf of the State was not a sufficient answer and that such action on part of the State's Attorney indicates collusion. The answer of the State's Attorney was as hereinbefore quoted.

Section 3297 R. G. S., 5107 C. G. L., provides, in part, as follows:

"It shall be the duty of the State Attorney to carefully examine said petition, and if it appears to him, or if he has any reason to believe that said petition is defective; insuf-

ficient or untrue, or if, in his opinion, the issuance of the bonds or certificates in question have not been duly authorized, he shall make such defense thereto as to him shall deem proper."

The petition and proceedings in this case were in conformity with the petition and proceedings upheld by this Court in State v. Sarasota County, 118 Fla. 629, 159 Sou. 797.

The appellant also conteends here that the Court abused its discretion in unduly limiting the time within which the intervenor in the court below was required to file an answer and also that the court erred in overruling the motion for rehearing. The action of the court in overruling the motion for rehearing is not assigned as error and, therefore, is not before us for review.

The record does not show any objection on the part of the appellant to the filing of the answer when same was filed. The record does not show any motion for an extension of time in which to file such answer or in which to prepare a defense. As heretofore stated, the record shows that special appearance was filed on November 10, 1936, and that motion to dismiss was filed November 14, 1936, and was denied on the same date and that the answer was filed on November 16, 1936, without any motion for further time, or objection to being required to answer at that time if, as he contends, he was required to answer.

On authority of the opinions and judgments hereinabove cited, and for the reasons herein stated, the decree appealed from should be and is affirmed.

So ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur.